*In Re* Application of M. BRITO for a Writ of Habeas Corpus.

QUESTION RESERVED.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.   FORNAN-
DER, J., absent.

The Mittimus, by which the prisoner was held, set forth that he had
been convicted of the offense of having Opium unlawfully in his
possession, contrary to Section 4 of the Session Laws of 1886,
approved October 15, 1886 (Chap. LXXIII.)   Section 4 makes
punishable the possession of opium "contrary to the provisions
of Section 3." Section 3 only devolves certain duties upon the
licensed vendor.  Held, that the statute does not define the pos-
session of opium as a punishable offense.

OPINION OF THE COURT, BY JUDD, C.J.

The case comes to us upon questions reserved by Mr. Justice
Preston, as follows:

1. Does the mittimus disclose any offense for which the
prisoner may be punished?

2. If yes; is the punishment inflicted upon the prisoner legal
under the statute of the last session of the Legislature, regulat-
ing the importation and sale of opium?

The mittimus in question is from the Police Court of Hono-
lulu, dated 16th March, 1887.  It is entitled in the usual way,
addressed to the Marshal, and recites that whereas Manuel
Brito has this day been convicted in our Police Court of Hono-
lulu, Island of Oahu, for the offense of having opium unlawfully
in possession, contrary to Section 4 of Session Laws of 1886,
approved October 15, 1886, and, upon conviction thereof, the
said Court did adjudge and determine that he should be im-
prisoned at hard labor for the term of two years, and also should
pay a fine of one thousand dollars, etc., etc.

The question is whether Section 4 of the Act, entitled "An
Act to Regulate the Importation and Sale of Opium in this

Kingdom," discloses any offense for which the prisioner may be punished.

The Section reads as follows: "Every person not having a license who shall have possession of any opium contrary to the provisions of Section 3 of this Act, or who shall sell or furnish any opium or preparation of opium to any person or persons contrary to law shall, upon conviction thereof, be fined in a sum not less than one thousand dollars nor more than five thousand dollars, and be imprisoned at hard labor for any term not more than ten years nor less than two years."

The principle that penal statutes are to be construed strictly, and are never to be extended by implication, has been repeatedly affirmed by this Court. Dwarris expresses it in this way: "The general words of a penal statute shall be restrained for the benefit of him against whom the penalty is inflicted." Potter's Dwarris, p. 245.

It is urged upon us that the Act under consideration is a revenue law, that its object is to subject opium to sale by a licensed dealer under certain restrictions, and that it is not a penal law, and therefore the rule of construction above referred to does not apply. We think otherwise.

Section 4 authorizes the imposition of a money penalty, whose minimum is one thousand and whose maximum is five thousand dollars, and imprisonment at hard labor for any term not more than ten years, nor less than two years.

By our law a felony is defined to mean such offenses as are punishable with death or imprisonment for a longer period than two years, or by the forfeiture of any civil or political right, and also larceny. Penal Code, Chapter I., Section 2.

We can see no reason why a statute which creates a felony cannot be considered a penal statute, to which the above mentioned rule of construction must apply.

The words of Section 4, which are put before us as describing the offense of the prisoner, are: "Every person not having a license who shall have possession of opium contrary to the provisions of Section 3 of this Act * * * shall, upon conviction

thereof, be fined," etc.   It is essential in the first place that the person shall not have a "license."   Does the license intended here mean the vendor's license, by which he is authorized to import and sell opium ?   Or does it refer to one of the two "licenses" mentioned in Section 7 of the Act, *i.e.*, a license from the Marshal or the license from a physician ?   Up to Section 4 of the Act, the only license spoken of is the vendor's license, and we take it that this must be the license intended to be meant.   To his conviction it is necessary, secondly, that he have possession of opium ; and thirdly, that such possession shall be contrary to the provisions of Section 3.

Now Section 3 prescribes that the person holding such license (*i.e.*, the licensed vendor), shall (1) keep in a book of record the names of all persons to whom he has sold any opium, with (*a*) date of sale, (*b*) the quantity of opium sold, (*c*) the name of physician issuing the certificate on which the sale is made, and (*d*) the date of such certificate.   (2) Such record book shall be kept (by the licensee) in the English and Hawaiian languages, and shall be open to inspection of the police and the Minister of Interior.   (3) The licensee shall give to each purchaser of opium a receipt, stating the date of such purchase, and the quantity of opium sold.

Each "provision" of this section is one devolving some duty upon the licensed vendor.   Not one of them refers to the purchaser, nor creates any duty for him to discharge, or any line of action for him to follow.   "A statute law is a rule of conduct prescribed by the law-making power in an express and positive form, and which controls the particular case and circumstances to which it relates."   Potter's Dwarris, p. 38.

Now, unless a law prescribes a rule of conduct, no one can be punished for a deviation from it.   "The certainty of the law is next in importance to its justice," says Dwarris, on p. 51.

It is abhorrent to justice to punish a man unless the offense for which he is sought to be punished is clearly defined by the law, and his duty in respect thereto made certain.   It is our duty to give effect to this law if it is possible.   But we are not to make a penal statute where none exists.

We find that this section of the statute of 1886 does not define the possession of opium as a punishable offense, and there being no law authorizing the detention of the prisoner, we order his discharge.

*Smith*, *Kinney* and *Thurston*, for petitioner.

*Paul Neumann* and *F. M. Hatch*, per contra.

The Attorney-General took no part in the argument.