## REPUBLIC OF HAWAII *v.* LI SHAI.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 24, 1896.          DECIDED APRIL 14, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

An Act to prevent foot-binding, approved July 26, 1895, held to be unintelligible, inoperative and void.

OPINION OF THE COURT BY JUDD, C.J.

The defendant was convicted in the District Court of Honolulu on the 14th November, 1895, of the offense of "foot-binding," and appealed to this court on points of law. The law alleged to be violated is Act 9 of the Republic, entitled "An Act to prevent foot-binding," approved on the 26th July, 1895. It is as follows:

"Section 1. The term 'foot-binding' as in this Act used shall be held to mean the compression, mutilation, injury or deformity caused to the feet of young girls; also the means used to so compress, mutilate, injure or deform such feet, as well as any attempt to do the same.

"Section 2. Foot-binding is hereby forbidden, and any person who binds or attempts to bind the feet as covered or intended to be covered by Section 1 of this Act, or who shall authorize or permit foot-binding, such person being a free agent, or in any manner be a party or privy thereto, or shall in any wise countenance the same, shall be liable, on conviction before any district magistrate, to pay a fine of not less than twenty-five nor more than five hundred dollars, or to be imprisoned at hard labor not less than ten days or more than two years, or both, at the discretion of such magistrate; or such person or persons may, in place of such punishment, leave the Hawaiian Islands at a time to be stated by such magistrate, and a return within five years shall be deemed to be a revival of the sentence suspended by such deportation.

"Section 3. The terms hereof shall apply to all cases of foot-binding existing at the time this Act shall go into effect, provided the same are not immediately discontinued, and every continuation of such foot-binding shall constitute a new offense. Nothing herein contained shall be held to relieve any person who has assisted or been privy to any foot-binding from all of the pains and penalties of the laws relative to assault and battery, maiming, or any other appropriate law."

A motion was made by defendant's counsel to strike out all that portion of the charge that purports to state the offense, as the Act which the charge follows does not set out any punishable offense. The position taken by counsel for defendant is that the Act is incapable of reasonable meaning, and is therefore inoperative and void; and on the conclusion of the evidence for the prosecution counsel moved for the defendant's discharge. The difficulty with this Act is that it does not define "foot-binding" to be the compressing, mutilating, injuring or deforming the

feet of young girls, but it defines "foot-binding" as "the compression, mutilation, injury or deformity *caused* to the feet of young girls." If the compression and deformity is "caused," some one must have caused it, but the causing is not made punishable. The Act does not define the acts and doings of a person which, if done, the law makes punishable, but it states the *result* of the acts and doings as the offense or criminal act itself. It would be equally insensible to define burglary as a house which has been broken and entered, or larceny as goods in the unlawful possession of another. The inanimate object, as the house which has been broken and entered, cannot be punished. A nuisance may be abated, but it cannot be punished, though those who maintain it may be. The second phrase of Section 1 is even less intelligible. Foot-binding is "also the means used to compress, mutilate, injure or deform such feet, as well as any attempt to do the same." In Section 2 foot-binding is forbidden, and "any person who binds or attempts to bind the feet as covered or intended to be covered by Section 1 of this Act," etc., is punishable. This means (if anything) that the resulting compression, mutilation, injury or deformity to feet are punishable, and also the means used, which are, presumably, the bandages or other appliances. Evil conditions or results are not punishable; human actions which cause these conditions or results may be. The remainder of Section 2 might be capable of enforcement if we were authorized to take the ordinary meaning of the term foot-binding as the offense for which the Act prescribes punishment, but where the Act itself defines the offense, courts are restricted to the statutory definition, which seems to us to be insensible, and this renders the Act inoperative and void. We held *In re Brito*, 7 Haw. 42, that "it is abhorrent to justice to punish a man unless the offense is clearly defined by the law, and his duty in respect thereto made certain. It is our duty to give effect to this law if it is possible. But we are not to make a penal statute where none exists."

Having decided that the Act is inoperative, it will not be necessary to pass upon other points raised by defendant's coun-

sel, or his criticisms upon other portions of the Act. Notwithstanding the latitude given to courts in construing an Act of the Legislature, in order to ascertain its meaning and give effect to it, if possible, we are unable to do so in this case without violently changing the plain meaning of the words used therein.

Defendant is discharged.

*L. A. Dickey,* for prosecution.

*A. S. Hartwell,* for defendant.