CASE 43—PETITION EQUITY—MAY 8.

# Cornelison v. Foushee, &c.

101  257
d124  144

APPEAL FROM FAYETTE CIRCUIT COURT.

1. JUDICIAL NOTICE—PRACTICE IN COURT OF APPEALS.—The court of appeals is not authorized to take judicial notice of the rules of practice in trial courts; and as there is nothing in this record to show that this case was prematurely placed upon the trial docket of the lower court, under the rules of that court, except the statement in the motion for a new trial, that question will not be considered.

2. ACTION TO QUIET TITLE—NECESSARY ALLEGATIONS.—In an action to quiet title to land it must be alleged that the plain-

17

tiff is in the actual possession of the land, the title to which is sought to be quieted.

J. J. CORNELISON FOR APPELLANT.

1. Only the remainder interest of the husband in the property, subject to the wife's life estate, was sold under the execution, and no interest of the wife was attempted to be sold. This suit is nothing more or less than a suit brought by the husband in the name of the wife to recover property of the husband so that he may through the wife join her in a sale to get the money and defeat the payment of his debts.

FAULKNER & FAULKNER AND S. E. HILL FOR APPELLEES.

1. The case was not prematurely placed on the trial docket. The date when the answer should have been filed is to be computed from the service of the summons, and the day upon which the summons is served must be included in the computation of time. Mooar v. Covington City National Bank, 80 Ky., 305; Stockton v. Johnson, 6 B. M.; Childs v. Smith, 13 B. M., 461; White v. Crutcher, 1 Bush; Hanley v. Cunningham, 12 Bush, 401; Wood v. Com., 12 Bush, 220.

2. In the deed by which the property is conveyed to the wife, besides making said property her separate estate for life, power is given her during her lifetime to sell said property, or to mortgage or encumber same in any manner by her husband uniting in the deed or mortgage; and her husband had therefore no vested title in the property during her lifetime, and she can not be deprived of this power nor the right to exercise it by the act or claim of any one.

JUDGE DURELLE DELIVERED THE OPINION OF THE COURT.

The appellees in this case brought suit to quiet the title of Anna B. Foushee to a lot of land in Lexington, described by metes and bounds, alleging that the appellant, having recovered judgment against her husband, C. W. Foushee, Jr., in the Fayette Circuit Court, had execution issued thereon and levied by the sheriff upon the remainder interest of her husband, caused the sheriff to sell his alleged interest, and bought the same at $595 90, the amount of his execution

debt, interest and costs, and her husband having failed to
pay the debt or to redeem his alleged interest, the appel•
lant procured the sheriff to execute and deliver a deed of
conveyance to him of the interest in the remainder of C.
W. Foushee, Jr., and has had said deed recorded in the Fa•
yette County Clerk's office; that she knew nothing of the
levy, sale or conveyance until after the deed was lodged for
record.   She further alleges that her husband had no inter-
est in the lot; that the levy, sale and conveyance of any in-
terest therein for a debt of her husband was an invasion
of her rights under the conveyance under which she took
title to the property; that the sheriff's deed constitutes a
cloud on her title and has diminished the vendible value
of her lot, which she is desirous of selling, and that her
husband is willing to unite with her in the conveyance
thereof.   The petition prays that the levy, sale and deed of
appellant be adjudged null and void, the deed cancelled, and
that defendant be compelled to relinquish all his claim and
title to the lot and any interest therein.

The deed, the terms of which are averred in the petition—
and which is filed as an exhibit therewith—conveys the lot
to Anna B. Foushee, "her heirs and assigns,"   *   *   .*   to
have and hold said property unto the party of the second
part, her heirs and assigns forever," with a covenant of gen-
eral warranty.   "Said property is to be owned and held
by Anna B. Foushee, as her sole and separate estate, free
from the debts or control of her husband during her life,
with remainder in fee to her husband, C. W. Foushee, Jr.,
with power in said Anna B. Foushee during her life to sell
said property, or mortgage or encumber the same in any

manner by her husband, C. W. Foushee, Jr., uniting in the deed, mortgage or conveyance."

The summons was executed on appellant on April 8, 1895, and judgment rendered by default on Monday, April 29, 1895. A motion for a new trial was made and overruled, and the case has been brought to this court for revision.

It is contended for appellant that the case was prema-turely placed upon the trial docket of the court on April 27, 1895, and that under the rules of practice of the Fay-ette Circuit Court all cases should be placed upon the trial docket not later than Friday before the Monday on which judgment is asked. As to this, it may be said that there is nothing in the record to show what are the rules of practice of the Fayette Circuit Court, and we are not authorized to take judicial notice of the rules of trial courts. (See A. & E. Enc., 12, 182.)

It is further urged that the case was placed on the trial docket on the 19th day after the service of summons upon appellant, and section 21 of the act concerning circuit courts having continuous sessions, which provides that "The de-fense to an action shall be filed within twenty days after the service of the summons in the county where said court sits * * * " and section 13, providing that "Any party may place the action on such trial docket when the time allow-ed to the opposite party to plead has expired, without such pleading being filed," are relied on. The record, however, does not show, except by the averment of the motion for new trial, upon what day the case was placed upon the docket.

But the petition is defective in that it does not aver that the plaintiff has the actual possession of the land from the

title of which a cloud is sought to be removed. In Gately v. Wilder, 12 R., 622, Judge Lewis, delivering the opinion of the court, said: "This being an action in equity to quiet the title of the plaintiff to the lot of land in dispute, it was necessary and indispensable for him to state in his petition that he was at the time in actual possession, which was not done, and the general demurrer ought, therefore, to have been sustained." So in Smith v. Gatliff, 9 R., 553, it was held that an allegation that plaintiffs were "legally" in possession of the land was but a conclusion of law, and was insufficient. In Whipple v. Earick, 93 Ky., 121, it was held that "To maintain this action the plaintiff must have both the legal title and the possession." There is a class of cases to which the case at bar does not belong, not strictly bills to quiet title, but in which the primary relief sought is a different one, in which a different rule has been applied. (See Packard v. Beaver Valley Co., 96 Ky., 253; Herr v. Hardin, 90 Ky., 379; Nat. Bank of Commerce v. Licking V. L. & M. Co., 15 R. 211; and Kant v. Hall, 15 R. 511.

A further objection urged is that the judgment does not state what levy or sale or deed to appellant is adjudged null and void; nor does it in any way identify the levy, sale or deed, or describe or identify the property in which appellant was adjudged to have no interest, and there is considerable force in these objections, as well as in the objection that the petition does not sufficiently identify the execution, levy and sale. It is, however, unnecessary to pass upon this question, as the case must go back for the reasons heretofore stated, and appellees will have an opportunity to amend their petition.

The judgment is reversed, with directions to set aside the judgment and award appellant a new trial and for further proceedings consistent with this opinion.