YEE YOP and YEE SAU, copartners under the name of Tong
Chong Company *v.* LEE TAI YUNG.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED OCTOBER 8, 1897.        DECIDED OCTOBER 19, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Set-off. Registration of Copartnership.

The only penalties for non-registration of a copartnership, under Chap.
28, Laws of 1880, are a fine and a liability of one partner for all
partnership debts, and where the firm is a defendant, the plaintiff
is relieved of the consequences of non-joinder of a partner as de-
fendant.

A firm or partnership not registered as required by law, is not liable
for the individual or personal debts of one partner, nor can the
debt of one partner due to defendant be set off by defendant
against a partnership claim.

The statute of set off contains nothing authorizing a judgment for the
defendant, who pleads set off, for a larger amount than the plain-
tiff's claim. It is doubtful if such judgment can be given.

OPINION OF THE COURT BY WHITING, J.

This case comes upon appeal by plaintiffs on points of law
from a judgment rendered by the District Magistrate of Hono-
lulu. The plaintiffs Yee Yop and Yee Sau, copartners under
the name of Tong Chong Company brought their action in
assumpsit against defendant Lee Tai Yung for $10 for goods
sold and delivered as set forth in a bill of particulars. The
defendant pleaded a set off of $50 against Yee Yop.

The defendant admitted that the bill of particulars was cor-

rect and no contest was made of plaintiffs' claim. Defendant produced evidence showing a debt of $50 due from Yee Yop to him.

Defendant knew that Yee Yop and Yee Sau were partners in the grocery business, but no evidence was given by either party as to whether the partnership of plaintiffs was registered or recorded in accordance with law.

The District Magistrate gave judgment in favor of the defendant for $40, the balance of the set off against plaintiffs.

The points of law certified to us are:

1. The demand of set off by defendant and allowed by the District Magistrate is not due from all partners jointly.

2. The evidence shows that plaintiff Yee Sau is not a dormant partner of plaintiff Yee Yop.

3. The judgment is contrary to the law and the evidence.

Section 1146 of the Civil Code (Comp. L. p. 332) provides: "It shall be competent to the defendant in any civil action to plead an offset of like kind and denomination, existing in the same right, between him and plaintiff."

Section 1148. "If there are several plaintiffs, the demand set off shall be due from them all jointly; if there are several defendants, the demand set off shall be due to them all jointly, except as is provided in the following section."

Section 1149. "When the person with whom a contract is made, has a dormant partner, and a suit is brought on such contract, by or against such partners jointly, any debt, due to or from the person with whom such contract was made, may be set off in like manner, as if such dormant partner had not been joined in the suit."

Under these sections of the Civil Code, the set off claimed by defendant should have been disallowed as the demand is clearly due from only one of the plaintiffs, Yee Yop, and is not a claim against the partnership or a demand due jointly from the plaintiffs, nor can the set off be allowed on the ground that Yee Sau was a dormant partner in plaintiffs' firm, for the evidence clear-

ly shows the contrary to be the fact, and also that defendant knew that Yee Sau and Yee Yop were partners and so known and carried on business. Further, the admission of plaintiffs' claim as correct and no denial or contest of the partnership, which is pleaded by plaintiffs, must be given weight adversely to the claim of defendant that Yee Sau was a dormant partner. The evidence shows Yee Sau was an active partner.

The defendant, however, claims that the plaintiffs have not recorded or registered their partnership in accordance with Chapter 28, Laws of 1880, and that therefore his claim of set off of the debt of the defendant due from one partner Yee Yop, is a valid set off against the firm.

The Sections of Chapter 28 referred to are:

Section 1. "Whenever any two or more persons shall carry on business in this Kingdom (Republic) in copartnership, it shall be incumbent for such persons to file in the office of the Minister of the Interior a statement of

1. The names and residences of each of the members of such copartnership.

2. The nature of the business of such copartnership.

3. The firm name of copartnership, and

4. The place or places of business of the copartnership.

Section 4. All such statements as are required to be made by the preceding sections shall also be published by the members of each copartnership at least twice in the Hawaiian and English languages, in two newspapers published in Honolulu.

Section 7. The members of every copartnership, who shall neglect or fail to comply with the provisions of this law, shall severally and individually be liable for all the debts and liabilities of such copartnership and may be severally sued therefor, without the necessity of joining the other members of the copartnership in any action or suit, and shall severally be liable upon conviction, to a penalty not exceeding five dollars for each and every day while such default continues."

The only penalties for non-registration are, under this law,

a fine, and a liability of one partner for all partnership debts, and where the firm is a defendant, the plaintiff is relieved of the consequences of non-joinder of a partner as defendant. But in no way can it be construed to render a partnership liable for the individual or personal debts of one partner. The set off of defendant should have been disallowed by the District Magistrate and judgment given for the plaintiff for $10.

The appeal is sustained and the case remanded to the District Magistrate to enter judgment for the plaintiff for $10 and disallow the set off of defendant without prejudice however to the defendant to bring his action against Yee Yop.

Our statute of set-off contains nothing authorizing a judgment for the defendant who pleads set-off, for a greater amount than the plaintiff's claim, and we are doubtful if such judgment can be given, but as this point was not raised or argued we do not now decide it.

*L. A. Dickey* for plaintiff.

*Kinney & Ballou* for defendant.