## F. L. DORTCH *v.* A. V. GEAR.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 20, 1898.    DECIDED OCTOBER 20, 1898.

JUDD, C.J., WHITING, J., AND P. NEUMANN, ESQ., OF THE BAR,
IN PLACE OF FREAR, J., ABSENT.

Equity will take jurisdiction for the relief of one partner where his
copartner seeks to obtain for his sole use and to the exclusion of
the plaintiff, the benefit arising from a transaction within the
scope of the copartnership.

A bill to obtain such specific relief is not demurrable because a
general accounting is not prayed for, and that irrespective of the
dissolution or continuance of the partnership.

OPINION OF THE COURT BY P. NEUMANN, ESQ.

In this case an appeal was taken by plaintiff from a decision
of the Circuit Judge of the First Circuit, sustaining defendant's
demurrer to the bill as amended and dismissing the plaintiff's
bill without prejudice. The reason given for the judge's deci-
sion is that the plaintiff should have sought a general account-
ing. The facts as found in plaintiff's bill appear to be the fol-
lowing:

On April 15, 1896, the parties entered into a partnership
under articles in writing, styling the firm name "A. V. Gear,"
for the purpose of carrying on the business of real estate, stocks,
bonds, and loans for one year; the articles provided for the
rendering of full and correct accounts to each other once in
thirty days or oftener if necessary to clear, adjust, pay and

deliver each to the other their just share, etc., and at the end of their partnership they shall account to each other fully and correctly and the assets then remaining should be divided between them. The agreement is made part of the bill. After the expiration of the term of one year, the parties agreed to continue and carry on the business, changing the name of the firm to "A. V. Gear & Company," and the business was carried on thereafter under that firm name until "on or about" the ninth of October, 1897, which implies that the partnership was then dissolved. It is further alleged, that for certain reasons all the purchases of land by the firm were made in plaintiff's name. That in August, 1897, a negotiation took place for the purchase of a lot from Princess Kaiulani and when consummated a deed was drawn conveying the land to plaintiff according to the usual custom of the partnership. That on the 7th day of October, 1897, defendant, intending to deprive plaintiff of any benefit in this land purchased by the partnership did fraudulently, secretly and unknown to plaintiff, prepare another deed to himself as grantee, and on the 8th of October procured the same to be executed and delivered to himself. That defendant has since claimed to hold the said land for his use and benefit and has denied that plaintiff or the partnership has any legal or equitable rights therein.

The bill further contains a tender of payment of one-half of the consideration paid by defendant for the land. The prayers of the bill are, 1st, that the defendant be declared to be trustee to the plaintiff's use of one undivided half of the land; 2d, that he be required to convey to plaintiff said undivided half; 3d, that he account to plaintiff for the rents, issues and profits from the land since the date of its acquisition by defendant; 4th, for general relief.

The allegations if proven are sufficient to make a case where equity can and should interfere.

The doctrine that no action arising from partnership relations can be brought by one partner against the other unless for a general accounting, has its exceptions. One of these exceptions

is presented in the case before us in which a partner seeks to gain an advantage to the exclusion of the other partner, through a transaction which apparently lies within the scope of the partnership business. The partnership had been dissolved; all of the other partnership matters probably had been settled as provided for in the agreement of partnership, and probably nothing remains unsettled except the transaction in question which is such that "one partner has sought to withhold from his copartner the profits arising from some secret transaction." 2 *Lindley*, 947. This case presents one of the exceptions to the rule that courts of equity will not entertain jurisdiction of a special accounting between copartners and that a general accounting must be asked for to afford an adjustment of the special matter. The case of *Comstock v. Buchanan*, 57 Barb. 127, is in point. The action was brought to have the defendant declared a trustee of stock claimed to be partnership property and which defendant had taken in his own name. No general accounting was prayed for. The relief was granted and the decree affirmed. In the case of *Settembre v. Putnam*, 30 Cal. 490, where among other things the plaintiff prayed for a final accounting and a decree that defendant Putnam be declared to hold certain interests in a quicksilver mine in trust for plaintiff and himself jointly, the general accounting was refused, but the specific relief asked for establishing his rights and a conveyance of the interest to which he claimed to be entitled was granted.

Plaintiff's case is further supported by the authority of *Struthers v. Pearce et al*, 51 N. Y. 357; *Mitchell v. Reed*, 61 N. Y. 123; *Clegg v. Edmondson*, 8 De G., M. & G. 787; *Featherstonhaugh v. Fenwick*, 17 Ves. 298.

It is immaterial whether the partnership between plaintiff and defendant at the time of defendant's procuring the conveyance to the land in question was actually dissolved or not, providing that the negotiations for the land were in progress during the continuance of the partnership. In either case the plaintiff was entitled to relief without praying for a general accounting in so far as he asks that a decree be made declaring

defendant to be trustee of the land conveyed and for an accounting of its rents, issues and profits from the time of the conveyance.

The Circuit Judge well states the general doctrine, wherein he says: "The only remaining point to be considered is whether there being no prayer in the bill for a dissolution of the partnership and a general accounting, the court should decree a partial accounting in respect to a particular transaction. Equity certainly in a case like the present would not order a conveyance to be executed and delivered by one party to the other as prayed for; and it seems to me that no partial accounting should be decreed. When it appears as it does in the present bill that there has been a dissolution of the partnership (on or about October 9th, 1897) it might not be necessary that there should be a prayer for a dissolution, but I think after dissolution the petitioner's proper remedy would be a bill for a general accounting as to the affairs of the partnership, when all partnership equities involved would be considered. I have not been able to find any case reported in which after dissolution one of the partners was allowed to bring a suit for a partial accounting."

This opinion is amply sustained by the authorities, yet there are exceptions to the doctrine. *Bast's Appeal*, 70 Pa. St. Rep. 301. Even if there were no precedent, the fitness of an interposition by equity is apparent in a case where a dissolution and complete settlement of all partnership affairs has taken place excepting a secret transaction which was not discovered until after that time. The present case is peculiarly within the jurisdiction of equity and the court should not refuse its aid on the ground that a general accounting is not asked for when such accounting may be entirely unnecessary. It is well settled that under a prayer for general relief the court is not confined to grant in the decree precisely the specific relief asked. If in this case the affairs of the partnership had never been settled and adjusted it lies with the defendant to set up that fact in his answer; he cannot demur to a pleading asking for specific relief in equity which is within the power and the policy of the

court to grant; *non constat* that there is any other matter to be settled or accounted for between the partners.

Defendant presents the point that the demurrer should be sustained on the ground that the alleged continuance of the copartnership was not in writing and that therefore the statute of frauds is applicable. This point was disposed of by the Circuit Judge who says in his decision: "Upon this question there is considerable conflict in the authorities, but the weight of decisions seems to be in favor of the position that such a partnership is an exception to the statute of frauds and may be proved by parol." Citing many authorities. 17 Am. & Eng. Encyc. Law, 899, and the authorities therein cited.

In the present case a partnership agreement in writing was made for the term of one year, and thereafter was orally continued. "When the duration is fixed, if it is continued after that period, it will be converted into a partnership at will but the terms of the original copartnership agreement will continue to be operative and binding upon its members during such continuance after the original term." *Id.* page 902.

The demurrer should be overruled with leave to defendant to answer, and with these directions the case is remitted to the Circuit Court for further proceedings.

*Kinney & Ballou* for plaintiff.

*G. D. Gear* for defendant.