# G. K. WILDER *v.* C. S. BRADFORD.

APPEAL FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 19, 1898.     DECIDED OCTOBER 22, 1898.

JUDD, C.J., AND WHITING, J. ·

A partnership in real estate brokerage business had been dissolved. By agreement of parties, the plaintiff, one of the partners, was to collect and receive the assets of the firm, settle the accounts and pay over to the other partner (defendant) what was due him. Defendant procured an order from a creditor of the firm for an amount due the firm. Held, an injunction in equity restraining defendant from collecting the order was right.

Held, non compliance with the statute of registration of partnerships does not make the partnership illegal and does not affect the right of one partner to restrain his late copartner from collecting the assets contrary to their agreement.

## OPINION OF THE COURT BY WHITING, J.

The plaintiff brought his bill in equity to restrain by injunction the defendant from collecting or negotiating a certain draft or order for money alleged to be the partnership property of G. K. Wilder & Company, a firm composed of plaintiff and defendant, but which had been dissolved and the following facts were properly alleged in the bill and were clearly proved by the evidence.

1. A copartnership between the parties in the real estate brokerage business under the name of G. K. Wilder & Co.

2. The dissolution of the copartnership by mutual consent and an agreement that the plaintiff Wilder should collect and

receive all the assets, pay the debts and settle up the partnership affairs and accounts, and then account to defendant Bradford, paying him what might be due him.

3. That there was an amount of $900 due the firm as commissions on a sale of real estate by Bashaw and Lund to one Eagan, which was an asset of the firm of G. K. Wilder & Co.

4. That without the knowledge of the plaintiff the defendant, Bradford, obtained an order from Bashaw and Lund on Eagan for the $900 in his (Bradford) name, and after the dissolution of the partnership, he, Bradford, attempted to collect the money for his own use, it being an asset of G. K. Wilder & Co.

5. That defendant Bradford is insolvent and intended or was about to leave the country.

These facts certainly bring the case within the jurisdiction of equity, and, on which, a decree may be founded and granted restraining the defendant from collecting the assets of the firm or interfering with their collection by plaintiff. The dissolution of the partnership and insolvency of the defendant; the mutual agreement that one partner shall collect all the assets, pay debts and settle the partnership matters; the immediate danger of the misapplication of the assets or funds by the defendant; and the interference with the partnership property or assets by a partner not authorized to settle the business, are all grounds for a court of equity to restrain the defendant by injunction, and this even without an accounting being asked for.

17 Am. & Eng. Ency. 951; Lindley on Partnership, Secs. 997, 998 and 1042; *Dortch v. Gear*, 11 Haw. 552, *ante*.

The Defendant claims that the whole proceedings are in violation of Chap. 86 relative to legal procedure in courts of record, p. 483, Civil Laws; that this chapter contemplates that a civil action should be commenced in a court of record and, as expressed in Section 1239, "in case the petition contains a prayer for process for constraint, etc., then an order of arrest or constraint or injunction shall be issued if the court deems it expedient, but no such order or injunction can be legally issued

without, at the time of filing a petition for an injunction, a bill to determine the legal rights of the parties has been filed."

A reference to said Chap. 86, Civil Laws, p. 483, shows that it is an enactment "on civil procedure in courts of record," and on pages 488 to 491, provisions are made for the issuance of orders of restraint, arrest or injunction in civil cases involving unliquidated demands and recovery of property (ejectment). Clearly this chapter has nothing to do with or concerning equity, but is confined to actions at law.

Neither the plaintiff nor the defendant registered the copartnership in accordance with the requirements of Chap. 100, p. 543, Penal Laws, Registration of Copartnerships. By this law it is incumbent on persons carrying on business in copartnership to file with the Minister of the Interior a statement of: 1. The names and residences of each of the members of such copartnership. 2. The nature of the business. 3. The firm name. 4. The place or places of business. And, from time to time, to report to the Minister of the Interior other changes which may occur in the firm.

"The members of every copartnership who shall neglect or fail to comply with the provisions of this law, shall severally and individually be liable for all the debts and liabilities of such copartnership and may be severally sued therefor, without the necessity of joining the other members of the copartnership in any action or suit, and shall also severally be liable upon conviction, to a penalty not exceeding five dollars for each and every day while such default shall continue, which penalties may be recovered in any district court."—Section 1668, Penal Laws.

The partnership being for a legal purpose, it is legal as between the partners and the non-compliance with the law of registration of copartnership, although involving a penalty, does not affect the relations of one partner to another, nor relieve one partner from liability to the other for any wrongful

act. This point is not well taken. See *Yee Yop v. Tai Young,* 11 Haw. 198, *ante.*

The appeal is dismisseed.

*W. S. Wise* for plaintiff.

*G. F. Little* for defendant.