# THE TERRITORY OF HAWAII *v.* ABRAHAM FER-NANDEZ.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 20, 1903.          DECIDED AUGUST 3, 1903.

#### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Penal statutes are strictly construed.

In a statute which prescribes that no one shall store in certain places "more than one case of naptha and one case of benzole, nor more than ten cases of petroleum, kerosene oil or any oil of which the component part is petroleum, naptha, or spirits of turpentine", the words "any oil of which the component part is petroleum", &c., are held not to include oils which consist entirely of petroleum, &c.

#### OPINION OF THE COURT BY FREAR, C.J.

The defendant was convicted in the District Court of Honolulu and again on appeal, jury waived, in the Circuit Court, of causing to be stored on the premises of the Hawaiian Hardware Company, Lt'd., of which he was manager and treasurer, more than ten cases of spirits of turpentine, namely, forty cases, contrary to the provisions of Section 1507 of the Penal Laws, and the only question now brought to this court on exceptions, is whether the case is within the statute. That section reads as follows:

"No person shall receive, keep or store or cause to be received, kept or stored, or aid or assist any person in receiving, keeping or storing, or have at any one time on any premises owned, leased or occupied by him, except the storehouse provided

therefor by the Government, more than one case of naptha and one case of benzole, nor more than ten cases of petroleum, kerosene oil, or any oil of which the component part is petroleum, naptha, or spirits of turpentine."

Oil or spirits of turpentine is a pure substance obtained by distillation from the crude turpentine which is oleoresinous. It is often mixed with gasoline for purposes of commerce, and in that state it is more inflammable than in its pure state, but in the present case it is admitted to be pure. The question is whether spirits of turpentine, that is, the pure article, is covered by the words "any oil of which the component part is * * * spirits of turpentine." The difficulty lies with the words "the component part." Do these apply when "the whole" is spirits of turpentine? This language is found substantially the same nine times in this and the next six sections. Apparently its use was intentional if not felicitous.

Several constructions may be suggested for the words "any oil of which the component part is petroleum, naptha, or spirits of turpentine." They cannot be confined to oils consisting entirely of petroleum, &c., to the exclusion of oils consisting only in part of any of those substances. The use of the word "part" and the mention of naptha and petroleum in the preceding clauses prevent that construction. They mean at least oils consisting in part only of any of those substances. Whether the use of the word "the" before "component" and the obvious object of the statute would exclude oils of which only a very small part consisted of any of those substances, or whether the use of the word "the" and the construction of the word "component" as meaning "composing" or "constituting" would permit of limiting the words to oils of which the material or characterizing part is one of the named substances, we need not say. The question then is, whether these words should be held to apply to oils consisting entirely, as well as to those consisting in part, whether in large or any part, of any of those substances. The purpose of the statute and to some extent the construction of

the words "the component" as "the characterizing," if permissible, would favor the view that pure oils as well as mixed oils were intended, but the use of the word "part" and the mention of naptha and petroleum in the preceding clauses, and especially the limitation of the amount of naptha to "one case" in the preceding clauses, while "ten" cases are mentioned when "the component part" is naptha, point strongly in the other direction.

This is a penal statute and must be strictly construed. If the legislature intended to include pure spirits or turpentine in the description in question, it did not sufficiently express its intention.

The exceptions are sustained, the sentence set aside, and the case remitted to the Circuit Court with directions to discharge the defendant.

*Attorney General L. Andrews* for the prosecution.
*W. A. Whiting and C. F. Clemons* for the defendant.