## TERRITORY OF HAWAII v. SING YUEN.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED FEBRUARY 10, 1908.     DECIDED FEBRUARY 10, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

STATUTES—*construction of penal statute—gasoline.*

A penal statute prohibiting the sale of "benzole, petroleum, or any oils of which the component part is naptha or gasoline" below a certain standard does not, particularly in view of the restricted use of the phrase "component part" in adjoining sections, prohibit the sale of pure gasoline below the prescribed standard.

OPINION OF THE COURT BY BALLOU, J.

Upon the defendant's admission that he had sold gasoline within the Territory which gives off an inflammable vapor at

a temperature of less than one hundred degrees Fahrenheit, he was convicted of a violation of R. L. Sec. 972, reading as follows:

"It shall not be lawful for any person or persons to sell within this Territory, benzole, petroleum, or any oils of which the component part is naptha or gasoline, which gives off an inflammable vapor at a temperature of less than one hundred degrees Fahrenheit; and whoever shall sell, give or furnish, to any person in this Territory benzole, petroleum, or any oils of which the component part is naptha or gasoline, which gives off an inflammable vapor at a temperature of less than one hundred degrees Fahrenheit, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine not less than fifty dollars nor more than five hundred dollars, or by imprisonment at hard labor not more than one year, or both fine and imprisonment, in the discretion of the court."

Defendant's appeal on points of law from this conviction presents the questions as to whether he was guilty of a violation of the statute and whether the statute is unconstitutional as an interference with interstate commerce or an unreasonable exercise of police power. We find it necessary to consider only the first point, which resolves itself into the question as to whether pure gasoline is included within the description of "any oils of which the component part is naptha or gasoline."

If the section were to be construed solely with reference to its own language this question might present some difficulty, but the phrase "any oil (oils) of which the component part" is used nine times in the six sections from 970 to 975 inclusive and in nearly every instance in such a manner as to warrant the inference that the legislature intended to draw a distinction between mixed oils and the pure article. By section 970 no person is allowed to store more than one case of naptha and one case of benzole nor more than ten cases of petroleum or any oil of which the component part is petroleum, naptha or spirits of turpentine. The distinction drawn between one case of naptha and ten cases of any oil of which the component part is naptha indicates clearly that pure naptha was not intended

to be included in the latter description. Upon this and other reasoning which seems equally applicable to the present case, it has been held that pure spirits of turpentine was not included within the prohibition of this section. *Territory v. Fernandez,* 15 Haw. 133. Moreover, in Secs. 971, 973, 974 and 975 the phrasing is "any benzole, petroleum or any oil of which the component part is petroleum, naptha or spirits of turpentine," and here again the repetition of petroleum warrants the same inference.

Considering the strictness with which penal statutes should be construed, we have no hesitation in applying to this case the language used in *Territory v. Fernandez,* supra, and in saying that if the legislature intended to include pure gasoline in the description in question it did not sufficiently express its intention.

The appeal is sustained and judgment of conviction reversed.

*W. L. Whitney,* Deputy Attorney General (*C. R. Hemenway,* Attorney General, with him on the brief), for Territory. *C. F. Clemons* (*Thompson & Clemons* on the brief) for plaintiff.