## TERRITORY OF HAWAII *v.* AH GOON.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED JANUARY 27, 1914.            DECIDED FEBRUARY 5, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

STATUTES—*language of—opium—yen shee.*

> A statute (Act 144, Laws of 1913) which declares that "any person who shall use or smoke opium or have the same in his possession," except as provided in sections 1399 and 1401, R. L., "shall be guilty of a misdemeanor and shall be punished" as therein prescribed, is not violated by one who uses or smokes yen shee or has the same in his possession.

OPINION OF THE COURT BY DE BOLT, J.

This is an appeal on points of law from a judgment of the district magistrate of Wailuku, County of Maui, finding the defendant guilty of the offense of using opium and having the same in his possession contrary to the provisions of Act 144, Laws of 1913, which reads: "Any person who shall use or smoke opium or have the same in his possession, except as provided in section 1399 and section 1401 of the Revised Laws, shall be guilty of a misdemeanor and shall be punished by a fine of not less than fifty dollars or more than one hundred dollars, or by imprisonment not more than six months." Sections 1399 and 1401, R. L., provide for the sale of opium by any qualified physician or surgeon, or any person holding a license to sell poisonous drugs, and that the Territory and board of health shall not be prevented from using or distributing drugs or medicine.

The charge entered against the defendant, and upon which he was tried, convicted and sentenced to pay a fine of fifty dollars and costs, was as follows: "That Ah Goon, at Wailuku, County of Maui, Territory of Hawaii, on the 26th day of November, A. D. 1913, did use opium and have the same in his possession, he, the said Ah Goon, then and there not being a duly qualified physician or a person holding a license to sell

poisonous drugs, as by law required, and did then and there and thereby violate the provisions of Act 144 of the session laws of 1913."

The case was submitted to the magistrate upon the following stipulation of facts: "That on the 28th day of November, 1913, at Wailuku, County of Maui, Territory of Hawaii, the defendant did use, smoke and have in his possession what is commonly known as 'in shee,' also called 'yen shee'; that 'in shee' is the residuum from what is commonly called opium after having been once smoked, and that the said 'in shee' is an article of commerce and contains one and one-half per cent of opium."

The points of law upon which the appeal is prosecuted are as follows: "That the agreed statement of facts show that the defendant has committed no crime; that the use, possession and smoking of yen shee or in shee is not prohibited by the laws of the Territory of Hawaii; that no provision is made for any punishment of persons who use, smoke or have in their possession yen shee or in shee; that the punishment imposed is contrary to law and in violation of the rights of the defendant."

The crucial question presented by the record is, whether the statute prohibits the use, smoking or possession of yen shee? The theory upon which the prosecution proceeds is, that yen shee and opium are one and the same thing and equally within the legislative intent, as well as within the mischief sought to be prohibited by the statute. The application of this theory, however, would render it necessary to extend the scope of the statute by implication beyond its express terms. This, in our opinion, would be judicial legislation,—the creation of a criminal offense by construction. *State* v. *Lovell,* 23 Ia. 304, 306. "The court cannot by construction create a crime or offense. * * * The act constituting the offense must be within both the letter and the spirit of the statute." *Rep.* v. *Ben,* 10 Haw. 278, 281. See also *In re Brito,* 7 Haw. 42, 44; *Rep.* v. *Li Shai,* 10 Haw.

262, 264; *Ter.* v. *Fernandez,* 15 Haw. 133; *Ter.* v. *Sing Yuen,* 18 Haw. 611, 613.

That the use of yen shee may be within the mischief sought to be remedied by the legislature in the passage of the statute in question is immaterial; the statute, in express terms, is aimed at the use of opium only, and not at the use of yen shee, regarding which it is silent. "A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter, though within the reason and policy of the law. 'It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms.'" 2 Lewis' Suth. Stat. Const., §521. See also *Field* v. *United States,* 137 Fed. 6; *In re McDonough,* 49 Fed. 360.

Opium and yen shee are separate and distinct articles of commerce. When opium is mentioned we know what is meant; when yen shee is mentioned we know what is meant; and when morphine, laudanum, or paregoric is mentioned (each of which, like yen shee, contains a certain percentage of opium) we know what is meant. It could not be urged with any show of reason that because the statute in question prohibits the use of opium, it also prohibits the use of morphine, laudanum and paregoric. Obviously, the statute does not prohibit the use, smoking or possession of yen shee.

The statute, however, as we view it, does not require construction. "It is not allowable to interpret what has no need of interpretation. The statute itself furnishes the best means of its own exposition; and if the sense in which words were intended to be used can be clearly ascertained from its parts and provisions, the intention thus indicated will prevail without resort to other means of aiding in the construction." 2 Lewis' Suth., *supra,* §366. The legislature in the enactment of the statute in question, in plain and unmistakable terms, free from doubt or ambiguity, has declared that "any person who shall

use or smoke opium or have the same in his possession, except as provided in" sections 1399 and 1401, R. L., "shall be guilty of a misdemeanor and shall be punished" as therein prescribed. The language of the statute being clear and unambiguous, it must, therefore, be held to mean what it plainly expresses, beyond which we cannot go. The use of yen shee not being expressly prohibited, it follows that the defendant has not violated any of the provisions of the statute.

The judgment of the district magistrate is reversed and he is directed to discharge the defendant.

*D. H. Case, County Attorney of Maui,* for the Territory.
*Andrews & Quarles* and *E. Murphy* for defendant.