CHARLES J. SCHOENING, FRED P. ROSECRANS, AND DAN T. CAREY, CO-PARTNERS UNDER THE FIRM NAME OF C. J. SCHOENING & COMPANY, *v.* WILLIAM MINER, DEFENDANT, CHARLES WILCOX, AUDITOR OF THE COUNTY OF MAUI, T. H., GARNISHEE.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED JUNE 12, 1914.                    DECIDED JUNE 26, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PARTNERSHIP—*publication of notice.*

A partnership, duly registered, is not incapacitated from suing to recover upon an account for goods sold by it by reason of its failure to publish notice of the partnership as required by statute.

ACTION—*splitting cause—waiver.*

Plaintiffs sued in the district court for a portion only of an account claimed to be due; the case was dismissed on a technical motion without an adjudication upon its merits: Held, under the circumstances not to be a waiver of the portion of the account omitted.

DISMISSAL AND NONSUIT—*motion to dismiss as to part only.*

A motion to dismiss an action upon account, as to some items thereof, on the ground that plaintiff had waived same, is properly denied.

IB.—*proof as to part of cause of action.*

A motion for nonsuit in an action upon account is properly

denied where the evidence tends to prove some of the items of the account.

STATUTES—*necessity of determining validity.*

When the validity of a statute is questioned the same will not be determined by the court unless such determination is necessary to a decision of the case then before the court.

OPINION OF THE COURT BY QUARLES, J.

The plaintiffs, a copartnership consisting of three persons, commenced their action in assumpsit in the circuit court of the second circuit to recover a balance of $334.95 alleged to be due upon account for gasoline, etc., sold to the defendant, and repairs made for him upon an automobile. The complaint contains two counts, the first upon a book account and the second declaring upon an account stated. To the complaint plaintiffs attached a bill of particulars showing the items of debit and credit. The defendant's answer is a general denial. The case was tried by the court, jury waived, and judgment was rendered in favor of the plaintiffs for the full amount demanded with costs. The case comes to this court on exceptions.

The first exception is to the action of the court in sustaining the objection of the plaintiffs to the following question asked the plaintiff Schoening while testifying as a witness: "Did you publish a notice in the newspapers of this county to the effect that Charles J. Schoening, Fred P. Rosecrans and Dan T. Carey were co-partners and doing business under the firm name of C. J. Schoening & Company?" upon the ground that the question is immaterial. The evidence theretofore introduced showed that plaintiffs had registered their partnership as required by section 2653, R. L. The object of the question evidently was to show that the plaintiffs had not given the notice required by section 2655, R. L., as amended by Act 29; S. L. 1907. It is argued upon the part of the defendant that the publication of such notice is a prerequisite to the plaintiffs' capacity to sue and unless the notice required by the last named statute has been published in English and Hawaiian the re-

quired number of times that the plaintiffs cannot maintain this action. These statutes are a part of chapter 162, R. L., and section 2658 in said chapter provides the only penalty attached to noncompliance with the provisions as to registration notice, etc., i. e., that each partner shall severally and individually be liable for the partnership debts; that it is not necessary for a creditor to sue all of the partners and that each of the partners is liable for a penalty not exceeding five dollars for each day while such default shall continue. It will be seen by a reading of the statutes that it was not the intention of the legislature to make a partnership which did not comply with their provisions illegal, but to prescribe the penalties named, and no other. To hold that the partnership cannot sue to recover a debt due it would be equivalent to the court adding another penalty to those prescribed by the legislature. This would be extending the terms of the statute,—something that the court cannot do. *Territory* v. *Ah Goon,* 22 Haw. 31. The right of one member of an unregistered partnership to sue his copartner for the purpose of restraining him from collecting the partnership assets, contrary to their agreement, was held in the case of *Wilder* v. *Bradford,* 11 Haw. 563, where it was said that the partnership being for a lawful purpose, failure to register did not make it unlawful. This exception must be overruled.

It developed in the evidence that the plaintiffs had commenced in the district court of Wailuku, prior to the commencement of the present action, two different actions upon the account sued upon in which the account was intentionally split by leaving out items to the extent of $39.35, the same being the items in the account subsequent to the date, July 31, 1912. The first one of these actions was dismissed for the reason that the complaint and summons were not fastened together. The second was dismissed by the district court on the idea that the attorneys' commissions and costs increased the amount sued for to more than $300, and, therefore, that the district court did not have jurisdiction. At the trial of this cause in the circuit court

the defendant moved that the case be dismissed as to the $39.35 of the account which is omitted from the actions brought in the district court on the ground that suing on the account and leaving out items claimed to be due waived the cause of action as to such items. This motion was denied and defendant excepted, the exception being number two in defendant's bill of exceptions. In the case of *Volcano Stables* v. *Hayashi,* 13 Haw. 695, and in *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290, this court held that the plaintiff might demand judgment for only a portion of the amount due so as to bring the case within the jurisdiction of a district court if it shall be done *bona fide.* The first case was upon a bond, the other upon a book account. In *Phillips* v. *Lun Chong Co.,* 14 Haw. 297, the plaintiffs split a book account and brought two suits, each for a portion of the amount claimed, in the district court. The first action went to trial and judgment was given for the plaintiffs. In the second action the defendant did not plead waiver by alleging and proving the splitting of the cause of action nor did it claim that the bringing of the first action, for a portion of the account only, waived the remainder of the account, but raised this question on appeal. On appeal it was held that splitting a cause of action waived the remainder of it and that that was a defense which must be proven to enable the defendant to take advantage of it. In the case at bar, if either of the actions brought in the district court had gone to trial on its merits and proceeded to judgment, the plaintiffs would be deemed to have waived the cause of action as to the $39.35 and this could have been shown by the defendant as a defense to that portion of the cause of action. The motion to dismiss the action as to that portion of the account not embraced in the action brought in the district court was properly denied. It is not proper during a trial to move to dismiss a portion of a cause of action on the ground that a defense thereto exists. In our opinion, neither of the suits in the district court having been tried, but both dismissed as aforesaid, the plaintiffs were not estopped from suing in the circuit court

for the full amount of the account and it was not a defense thereto as to said portion ($39.35) to show that the two actions had been commenced in the district court, as there had been no adjudication there. A dismissal for want of jurisdiction, or on technical grounds, without a trial upon the merits, does not constitute an adjudication. This exception must be overruled.

It developed in the evidence that plaintiffs did business under a license to conduct a garage; that they did repair work upon motor cars; and sold, for the use of motor cars, grease, oil, gasoline, fixtures or new parts; and sold such articles to any one wanting them, whether the purchaser had repair work done in plaintiffs' garage or not. At the close of plaintiffs' evidence defendant moved for a nonsuit upon the grounds, (1) that plaintiffs were doing business as a merchant without a merchandise license; (2) that the evidence did not tend to prove an account stated; (3) that the evidence did not prove delivery of all the goods, wares and merchandise claimed to have been sold to defendant by plaintiffs. This motion was denied and the action of the court in this regard is the basis of exception number three. The defendant introduced no evidence. A careful study of the record convinces us that the evidence was sufficient to show, *prima facie,* a sale and delivery of the goods named in the bill of particulars attached to the plaintiffs' complaint. The evidence tends to show that Mr. Schoening sold and delivered a large part of the goods; that Mr. Carey, another of the plaintiffs, sold and delivered other articles; and that the other articles were sold and delivered by employees of the plaintiffs; that in each instance a slip showing the transaction was made, and, in the evening of the same day, generally, entries in the books of account were made from such slips, occasionally, the entry being made a day or two later. The court, at the request of the parties, appointed a commissioner to examine the slips and books, who reported that the slips corresponded with the entries in the books, and bill of particulars, and which fact was practically admitted by counsel for defendant at the trial.

The evidence tending to show an account stated is unsatisfactory. Mr. Schoening testified that he presented bills from time to time to the defendant; that sometimes defendant would make a payment which would be credited; at other times he would ask for further time, never disputing the bills. But just what bills were presented was not shown. All the circumstances tended to show an indebtedness upon account, as per the bill of particulars; and that the goods therein charged were delivered. We now come to the consideration of the first ground of the motion for nonsuit, i. e., that the plaintiffs were doing business as merchants without a merchandise license. The evidence shows clearly that plaintiffs at the time of the transactions involved had a license to conduct a "garage;" that they had no merchandise license; that they were selling only the articles of merchandise needed in the operation and repair of motor cars, and sold the same in connection with their repair business, and as a part of operating their "garage." It was contended by the defendant that selling such articles was not a part of the garage business, but the sale of goods, wares and merchandise, requiring a separate or "merchandise" license, and that as plaintiffs did not have such a license the sale was void and made in contravention of the statute, and on this ground the motion for nonsuit should have been granted. On behalf of the plaintiffs it is contended, first, that the sale of goods by plaintiffs to defendant mentioned and set forth in the bill of particulars is a necessary part of conducting a garage; second, that the account being in part for repairs upon the automobile of the defendant the motion for nonsuit was properly denied even should it be held that the sale of the gasoline, etc., was not necessarily a part of the garage business, a portion of the account being for repair work and free from the objection that it was an illegal transaction; third, that Act 96 S. L. 1907, providing for a merchandise license, entitled "An Act to amend Chapter 102 of the Revised Laws of Hawaii by adding thereto ten Sections to be known as Sections 1379A, 1418A, 1418B, 1418C, 1418D,

1418E, 1418F, 1418G, 1418H, and 1418I," does not express in its title the subject of the act as is required by section 45 of the Organic Act creating the Territory of Hawaii, and is therefore void; that the defendant having pleaded the general issue, and failed to give notice with his answer that he would rely upon the illegality of the transactions, as required by a rule of the second circuit court, could not be heard upon the question of the illegality of the sale of the goods named in the bill of particulars. Several interesting questions are thus presented, but in our opinion it will not be necessary to discuss all of them. A consideration of the contention of the plaintiffs that the rule of court mentioned precludes the defendant from questioning the illegality of the sale of the goods by the plaintiffs raises the further question as to whether this court should take judicial notice of the existence and subject-matter of the alleged rule, the same not being in the record before us. Without deciding the question, we deem it proper to suggest that it has been held, on appeal, that the appellate court will not take judicial notice of a rule of the trial court, where the rule has not been incorporated into and made a part of the record. (*Cutter* v. *Caruthers*, 48 Cal. 178; *Scott* v. *Scott*, 17 .Md. 78; *Kindel* v. *Le Bert*, 23 Col. 390; *Cornelison* v. *Foushee*, 101 Ky. 257.) No rules of the circuit court of the second judicial circuit have been approved by this court since the approval of Act 40 S. L. 1913, amending section 1659 R. L. authorizing circuit court judges to make rules regulating the practice, etc., such rules to be approved by this court. It would seem that rules made by a judge of a circuit court, and approved by this court, should be judicially noticed by this court.

The objection urged by the plaintiffs in their supplementary brief as to the validity of Act 96 S. L. 1907, is evidently an afterthought, as the record does not show that it was raised in the circuit court, and the question was not mentioned in plaintiffs' original brief in this court. We have concluded that, following the rule so well established, that courts will not pass

upon the validity of a statute in any case unless it is necessary to a decision of the case so to do, that we can dispose of the third exception without deciding the validity or invalidity of said statute; without deciding what goods the plaintiffs can, or cannot sell, under their license to conduct a garage; and without determining whether one selling goods, wares and merchandise without a license may or may not recover upon account for the sale price or value of such goods, for the reason that a portion of the account sued upon was for labor and repairs upon the automobile of the defendant made by the plaintiffs. A motion for a nonsuit should be denied where suit is brought upon account and there is more than a scintilla of evidence to prove some of the items to which no valid objection has been made. The motion for nonsuit was properly denied upon this ground, hence, the third exception must be overruled. It is unnecessary to pass upon the other questions urged in favor of this exception.

The fourth exception challenges the correctness of the judgment. There is no exception in the record to the decision of the court upon which the judgment is based. It has been held by this court that in a jury waived case the decision of the court takes the place of a verdict, hence this exception, which goes to the judgment only, does not question the decision, and only raises the question as to the form of the judgment, which plaintiffs have not questioned nor discussed either in briefs or oral argument. "The decision in a case tried without a jury is analogous to the verdict in a case tried with a jury, and an objection that a decision was contrary to the law or the evidence can be made in this court only when an exception to the decision has been noted in the trial court." *Nahaolelua* v. *Heen*, 20 Haw. 613. We therefore hold that this exception cannot be sustained.

Exceptions overruled.

*E. R. Bevins* for plaintiffs.

*E. Vincent* (*D. H. Case* with him on the brief) for defendant.