## THE TERRITORY OF HAWAII *v.* JACOB MERSEBERG.

### No. 2332.

Submitted November 3, 1939.       Decided November 8, 1939.

Coke, C. J., Peters, J., and Circuit Judge Stafford in Place of Kemp, J., Disqualified.

OPINION OF THE COURT BY COKE, C. J.

This case comes here on an appeal on points of law pursuant to the provisions of section 3500, R. L. H. 1935, from a decision of the district magistrate of the district of Honolulu finding appellant guilty of the violation of the provisions of section 4 of ordinance 589 of the City and County of Honolulu. One of the several points certified by the district magistrate is to the effect that the magistrate erred in refusing to find that section 4 of the ordinance is void for indefiniteness. The evidence introduced at the trial in the court below was extremely meager but appellant has made no point of the insufficiency of the evidence to sustain the judgment. Appellant was operating a Ford V-8 automobile within the city of Honolulu in the passenger traffic business. His arrest and prosecution arose out of the fact that on the date in question he arrived at Fort Shafter, presumably a stopping point, five minutes ahead of schedule.

In section 1 of the ordinance in question the following definition appears: "An operator of a motor vehicle common carrier shall for the purposes of this Ordinance be termed hereafter 'Operator' and the motor vehicle so operated shall be termed 'Common Carrier.'" In section 4 of the ordinance it is provided: "Each and every common carrier shall be so run and operated over a regular

route as to maintain a reasonably uniform schedule. * * * All common carriers shall file with the Chief of Police two copies of a tariff showing all the rates, fares, charges, rules and regulations for transportation, and two copies of a time schedule showing the routes, territory, stations, distances, times of arrival and departure of vehicles, and location of depots." Section 10 of the ordinance provides: "Any person violating any of the provisions of this Ordinance shall, upon conviction thereof, be subject to a fine not exceeding One Thousand Dollars ($1,000) or imprisonment for a period not exceeding one (1) year or both such fine and imprisonment in the discretion of the Court."

A common carrier is usually defined as one who, by virtue of his calling, as a regular business, undertakes to transport persons or commodities, offering his services to such as may choose to employ him and pay his charges. (*McCoy* v. *Pacific Spruce Corporation*, 1 F. [2d] 853, 855. See also 2 Words & Phrases [3d ser.], p. 192.) In every law enacted for the purpose of regulating common carriers on the public highways which has been called to our attention, with the single exception of the present ordinance, "common carrier" is a term used to denote the person or firm engaged in the business of transporting persons or commodities for hire. But for some unexplained reason a common carrier is defined in ordinance 589 as a vehicle, following which the ordinance requires the vehicle (not the owner or operator thereof) to file its tariff, schedule, etc., with the chief of police. An inanimate object cannot perform an act. No legislative mandate can alter or change this positive law of physics. The provision in the ordinance requiring the vehicle to file its tariff and schedule with the chief of police and to do other acts and things is wholly devoid of force or effect. The ordinance is not only indefinite but vague, inoperative and meaning-

less. It falls within the class of attempted legislation sometimes referred to as an absurdity. (25 R. C. L. 1021; 59 C. J. 601.) A recognized rule of construction requires a "rational, sensible and practical interpretation of a statute, one which will permit the accomplishment of the purpose of the act, should be preferred to one which is unreasonable or impracticable, or that would hinder or retard the accomplishment of that purpose." *United States* v. *Missouri Pac. Ry. Co.*, 213 Fed. 169, 173.

A statute may be construed contrary to its literal meaning when a literal meaning would result in an absurdity or inconsistency and the words are susceptible of another construction which will carry out the manifest intention. (2 Lewis' Sutherland Stat. Const. [2d ed.], p. 913.) But "it is not allowable to interpret what has no need of interpretation. When the meaning of a law is evident, to go elsewhere in search of conjecture in order to restrict or extend the act, would be an attempt to elude it, a method which, if once admitted, would be exceedingly dangerous for there would be no law, however definite and precise in its language, which might not by interpretation be rendered useless." *Rossmiller* v. *State*, 114 Wis. 169, 178, 89 N. W. 839. (See also *Gilbert* v. *Dutruit*, 91 Wis. 661, 65 N. W. 511.) There is no *cy pres* doctrine in the interpretation of statutes. In the case at bar there is nothing to construe. The language in the ordinance is unambiguous. Its requirements, however, are impossible of performance. As this court said in *In Re Brito*, 7 Haw. 42: "It is abhorrent to justice to punish a man unless the offense for which he is sought to be punished is clearly defined by the law, and his duty in respect thereto made certain. It is our duty to give effect to this law if it is possible. But we are not to make a penal statute where none exists." (See also *Rep. Haw.* v. *Li Shai*, 10 Haw. 262.) Ordinances should be sufficiently

definite so that those under their control may, by reference to them, ascertain the measure of their duty and obligation rather than that such laws should be dependent upon the discretion of executive officers to the end that ours may be a government of written laws rather than one of official grace. The apparent fatal deficiency in the ordinance has been called to the attention of the legal representatives of the Territory and of the city and county. None of these officials, however, have indicated any desire to appear and be heard in defense of the ordinance. It is altogether too much to expect the courts to attempt to enforce a law which, by its very terms, is manifestly void and unenforceable.

The judgment of conviction appealed from is reversed and set aside and the cause is remanded to the lower court with instructions to discharge the appellant.

*E. R. McGhee* for appellant.

*S. B. Kemp,* Attorney General, and *J. Wiig,* Deputy Attorney General, for the Territory.

Petition dismissed.

*C. B. Dwight* for the petition.