## Hall v. Hall, et al.

(Decided October 15, 1912.)

### Appeal from Knott Circuit Court.

1. Land—Action to Quiet Title.—Where, in an action to quiet title, the defendant sets up the boundary which he claims and prays that his title to it be quieted, he cannot complain that the court settled the whole controversy which he asked to be settled although the plaintiff did not show that he was in possession of the land.

2. Land—Location of Line—Finding of Chancellor.—The chancellor's conclusion on the location of a line will not be disturbed where the evidence is conflicting and the truth of the matter left in doubt.

SMITH & COMBS for appellant.

MAY & MAY and HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

About forty years ago, William Hall, Sr., who owned a large boundary of land lying upon the Arnold fork of the right fork of Beaver Creek, in Knott County, Kentucky, settled two of his children on a part of the land and established a dividing line between them. The part which he deeded to his daughter, Susan Davis, is

now owned by the appellee, W. R. Hall, Jr., &c. The part that he conveyed to his son, Miles Hall, is now owned by the appellant, Jeff Hall. The appellees brought this suit against Jeff Hall, alleging that he was trespassing over the dividing line and praying that their title to the land be quieted. They alleged that they were in possession and were the owners of the land up to the dividing line which they have claimed had been established by William Hall, Sr., in the division. Jeff Hall filed an answer in which he alleged that the dividing line was as claimed by him and that he was the owner, and in the possession of the land covered by his boundary. He pleaded in his answer, the facts above stated setting out in full the boundary claimed by him and prayed that he be adjudged to be the owner and in the possession of the land therein described and for all general and proper relief. The case having been prepared for trial and submitted, the circuit court established the line as claimed by the plaintiffs and adjudged that Jeff Hall was the owner of that portion of the land in dispute, which is a clearing enclosed by a fence, not to exceed three-fourths of an acre. From this judgment Jeff Hall appeals.

The first objection made is that the plaintiffs do not show that they were in possession up to the line claimed by them and that, therefore, they cannot maintain an action in equity to quiet their title; but they also alleged that Jeff Hall was repeatedly trespassing over the line and an action in equity may be maintained to enjoin repeated trespasses. In addition to this Jeff Hall asserted title to all of the land within the boundary described in his answer and prayed judgment adjudging him the owner of it. We have repeatedly held that where the defendant asserts his title to the land and prays judgment quieting his title, he cannot complain that the court settles a controversy which he asked to be settled, although it may be settled against him. (Fox v. Cornet, 124 Ky., 435; Johnson v. Farris, 140 Ky., 135.)

It is also earnestly insisted that the court erred under the evidence in establishing the line claimed by the plaintiffs. Our rule is not to disturb the finding of the chancellor on a question of fact where on all the evidence the mind is left in doubt as to the truth of the matter. We have, rarely, had a case where the real

truth of the matter was more in doubt than the location of this line. But, the chancellor's conclusion is sustained by several facts which are not without weight and on the whole case we conclude that we ought not to disturb his judgment as to the location of the line.

The old clearing of about three-fourths of an acre was properly adjudged to Jeff Hall, but outside of this we do not see that he had any right to the land by adverse possession or that there had been any such actual possession of the land by him to make the statute against champerty applicable.

Judgment affirmed.