### Jewell v. Massillon Engine & Thresher Company.

(Decided February 27, 1923.)

## Appeal from Graves Circuit Court.

1. Sales—Buyer Not Entitled to Rely on Agent's Reading of Contract, Where he Had Opportunity to Examine the Contract Before Delivery of the Property.—If, as claimed, an agent of the seller of a tractor, when requested by the buyer to read the contract to him because he did not have his glasses with him, fraudulently omitted a part of the contract requiring notice of any breach of warranty to be given within six days after delivery, he was guilty of such wrong as, on seasonable application, would have warranted a court of equity in setting the contract aside, but where the buyer was furnished a copy of the contract and had full opportunity to examine it in his own home before delivery of the tractor, he had no right to rely upon the reading of the contract by the agent, and was bound by such provision.

2. Sales—Buyer Bound by Provision Limiting Time for Giving Notice of Breach of Warranty, though Seller's Agents Thereafter Attempted to Put Machine in Order.—Where a contract of sale of a tractor required notice of breach of warranty to be given within six days after delivery, the buyer was bound thereby, though agents of the seller at different times after delivery at the buyer's request attempted to put the machine in good condition.

STANFIELD & STANFIELD for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Jewell bought a tractor in February, 1919, from appellee Massillon Engine & Thresher Company at the agreed price of $1,900.00, one-half cash and the balance in one year from the date of the transaction, the latter sum being evidenced by a note for $950.00, secured by mortgage on the tractor. This action was commenced

by the corporation against Jewell on the note, and judgment rendered for the full amount with interest, and a lien upon the tractor to secure the payment of the adjudged sum.

The contract of sale was in writing and contained the following provisions:

"If it shall fail to fill this warranty, written notice shall be given by registered letter to you and also to the party through whom the tractor was purchased stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given you to reach the tractor and remedy any defect. If the defective tractor cannot then be made to fill the warranty, it shall be returned by me to the place where received and you may, at your option, furnish me another tractor of the same size and style under the same terms of warranty, or you may return to me the money paid for the tractor and I will make no further claim on you. My continued possession or use of the tractor for six days after the delivery without notice to you shall be conclusive evidence that the warranty is fulfilled to my full satisfaction, and I agree thereafter to make no further claim on you under the warranty."

The tractor was not delivered until April 3, 1919, and appellant Jewell made no complaint of any deficiency in the machinery until some time in July. By his original answer appellant averred that a number of warranties were made to him by the agents of the company with respect to the tractor in addition to those contained in the writing before he purchased the same, and he relied upon these warranties, but the trial court sustained a general demurrer to so much of the said answer as attempted to assert these facts as a defense. Appellant then pleaded that through deceit and misrepresentation of the agents of the company he had been defrauded, and this he avers happened in this way: He went to Paducah to purchase the tractor and met the agent of the company at a hotel, and after looking at the tractor they took a seat at a table in the hotel and entered into an agreement and executed the written contract, but as appellant Jewell did not have his glasses with him and could not see to read he called upon the agent to read the said contract to him which the agent undertook to do, but by deceit and for the purpose of defrauding appellant the said agent read only parts of the said contract, omitting those parts which limited appellant's time to six days in which to approve the said tractor and to accept or reject it. The only

issue of fact in the case is, whether the agent of appellant company fraudulently omitted to read to appellant Jewell all the terms of the contract. If he did do so after appellant had requested him to read the contract, he was guilty of such wrong as would, upon seasonable application, have warranted a court of equity in setting aside the contract. The evidence of appellee Jewell, who alone testified, shows very clearly that he could at the time read but that he did not have his glasses with him and that he asked the agent of appellee company to read the contract to him, and that he relied upon the agent to read the whole of the contract. His evidence is not entirely satisfactory upon what parts of the contract were read by appellee's agent to appellant. He is a little indefinite and not entirely sure about the particular parts of the contract which were read to him and which were omitted by the agent. He admits, however, that at the time of the making of the contract the agent of the company gave him a copy thereof which he carried with him to his home. This was in February. It must be presumed that appellant had glasses at home with which he could see to read, and it was his duty, under the terms of the contract, to read and understand it within a reasonable time after returning home and after he had procured glasses and was able to see to read it. As will be noticed from the paragraph of the contract above copied, appellant Jewell had six (6) days after the delivery of the tractor at his place in which to try it out and accept or reject it. He now says it was very defective and wholly worthless. Although it was purchased by him in February it was not delivered at his place until the 3rd of April. During that time he should have examined his contract. He had no right to rely upon the reading by the agent of the company when he had full opportunity to examine it before the tractor arrived. On its arrival he made some examination of it and perhaps made one or more tests but did not make a complaint about its defective condition or operation until the July following. He had agreed in his written contract to accept or reject the machinery within six days after its delivery to his place. A copy of this contract was in his hands. He was bound by its terms and having failed to complain of the machinery within six days from its delivery or to tender it back to the company as he agreed to do, his acceptance of the machine became final and binding upon him after the lapse of six days from the day the machine

was delivered at his place. And this is so even though the agents of the company had at different times after the delivery of the machine, at the request of the appellant Jewell, gone to his place and attempted to put the machine in good condition.

It is the contention of the company and its agents that the tractor would perform all of the functions for which it was intended when properly operated and employed and that the reason it did not satisfy appellant Jewell was his failure to adjust and operate it. However this may be, appellant Jewell being *sui juris* at the time he made the contract and being afforded a full opportunity before the delivery of the tractor to read and understand his contract and to know that it required him to act and accept or reject the tractor within six days from its delivery at his place, is now in no position to complain that the company from whom he purchased the tractor has obtained a judgment for the balance of the purchase price.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.