## Ganter's Adm'r et al. v. Smith et al.

(Decided June 1, 1934.)

JOHN E. RICHARDSON for appellant, Geo. D. Morrison, administrator, and Mary Thomas Thompson.

J. R. WHITE for all other appellants.

JOS. M. HAYES and D. A. McCANDLESS for appellees Mrs. C. L. Slaughter and C. L. Slaughter.

BAIRD & GARNETT for appellee Alice Louise Smith.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Mrs. L. M. Ganter, a widow, died a resident of Bar-

ren county, Ky., in 1932, and after her death this pro-ceeding was instituted to probate a paper as her will. She had no children, and her nearest relatives were some cousins. The county court probated the paper, and on appeal to the circuit court there was a verdict and judgment in favor of the propounders. The con-testants appeal.

The paper offered for probate was part of a letter written in December, 1926, by Mrs. Ganter to her cousin Alice L. Smith, at Monroe, La., and received by the latter by mail. The letter was written on an ordinary piece of letter paper which was folded at the center so as to make two sheets to write on. The paper had been torn in the center, and only the second sheet was offered for probate, Mrs. Smith testifying that the first sheet was lost. The other sheet, being pages 3 and 4 of the letter, is as follows:

"So much had helped to make my pressure so high. He said my hip was fractured. I can't hardly walk yet without a cane. And Alice you know with these blind spells what it might mean to one that has high blood pressure.

"Alice I have never gotten my insurance yet and we are figuring to bring suit if any thing should happen to me you go a head and make them pay insurance and pay my debts and put me away de-cently. You know my lot is paid for [C. Hill] and the card or receipt for lot is in my wardrobe trunk in a box don't forget this, and after all debts and berrying expenses are paid you are to have 9000.00 Mintie 7200.00 the girls 250.00 each the boy $150.00 each. And if more should be left divide like I have It in will take 5 or six hundred to put me a way. But be sure to make them pay my Insurance. Love Lucy M. Ganter."

On the sides of the paper are these words:

"You remember Anne Bauch. the china to her. If Delia is living 1000. to her. Did you make the handkerchiefs?"

Mrs. Mintie Slaughter was a sister of Alice L. Smith and had four children, two girls and two boys.

From an inspection of the original paper it would seem that the clause beginning with the words, "and if

more should be left," originally was written thus: "And if more should be left, divide like I have. It will take 5 or six hundred more to put me away;" for the word "it" begins with a capital I and the word "in" is crowded in between the words "it" and "will"; but all the words are apparently in the same ink and handwriting. There is no proof that Mrs. Ganter ever had a will.

These questions are presented:

(1) May pages 3 and 4 of the letter be probated as her will without proof as to what was in the preceding two pages?

(2) Was the letter only her will if she died then and contingent on her not recovering from the troubles she was suffering from?

(3) May Alice L. Smith testify as to the contents of the lost sheet containing pages 1 and 2 of the letter, or to what facts may she testify?

The questions will be decided in the order stated.

1. The original paper presents clear evidence, in the irregular edges left, that the first sheet had been torn off from it. Who tore it off, or when this was done, or why, the evidence does not disclose. As will be seen, the sheet produced begins in the middle of a sentence. What the first part of the sentence was is left for conjecture or what was said in the previous part of the letter. The letter was an entirety. While an instrument signed by the testator may be probated as his will, when half the paper is torn off and there is no evidence as to what was on the missing sheet, the remaining fragment may not be probated as the will of the testator, for what is left may convey an entirely different meaning from that conveyed by the whole instrument originally. In Steele, etc., v. Price and Wife, 5 B. Mon. 58, 72, where the facts were different, the court said:

> "And as the principal devises, those in which the testator took deepest interest, and about which he showed most solicitude, are sufficienlty proved, the failure of proof as to the minor provisions of the will, should not defeat the whole by preventing the admission to record, of that which is proved; and especially as it does not appear that the establish-

ment of the devises as proved, though it would greatly reduce the fund to be distributed, will affect the relative proportions which the heirs will receive, since Mrs. Price is not an heir and Brice Steele is nowhere stated to be one.''

That case was decided on the facts there presented. The facts here are different; for it does not appear what was on the other sheet of the letter which was torn off. In such a case a part of the paper cannot be probated without definite proof as to the contents of the missing sheet, and that the mutilation of the paper was accidental or innocently made.

2. The answer to the second question can be more intelligently made when there is proof as to what was on the other sheet of the letter which has been torn off, and how the paper came to be mutilated. This question is reserved on the facts now shown. For the letter must be read as a whole to determine its proper meaning.

3. By subsection 2 of section 606 of the Civil Code of Practice no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by, a person who is dead when the testimony is offered to be given. There is some confusion in our opinions as to how far this Code provision is applicable in will cases, growing out of the fact that the Kentucky Statutes, which were adopted before the Code, contained a provision not so strict as this. In Combs v. Roark, 206 Ky. 460, 267 S. W. 210, 212, the court, upon a review of its decisions, thus stated the rule:

''Subsection [2] of section 606 is a general declaration of disqualification, referring alike in its application to every person and to all decedents. It disqualifies every person from testifying for himself as to any verbal statement of or transaction with or act done by or omitted to be done by one who is dead, except as provided therein.''

The question came before the court again in Russell v. Tyler, 224 Ky. 518, 6 S. W. (2d) 707, 710, which like this was a will case, and, after a full consideration of it, the court, upholding the ruling of the circuit court that a devisee could not testify to a detached conversation with the testatrix at a time when no one else was

present and not in an effort to show mental incapacity, or undue influence, said this:

"In view of the established rule of construction permitting parties to testify in will contests as to the mental condition of the testator and the facts upon which they base their opinion as well as upon issues of undue influence, we feel that it would unsettle the practice to overrule the long line of decisions so holding, and we are not prepared to take such drastic action. So much must be yielded to the doctrine of stare decisis, especially as in the absence of statutory prohibition many good reasons can be offered for the admission of such evidence. But we are not disposed to extend the rule further."

This opinion was written deliberately to settle the law on the question and is adhered to by the court. Alice Smith was a devisee in the paper offered for probate and is clearly testifying for herself. Under the statute she cannot testify to any verbal statement of, or any transaction with, or any act done or omitted to be done by, the deceased. She cannot therefore testify to anything that the decedent said to her; she cannot testify that the decedent wrote the letter which she received. She may testify that she received the letter by mail and what she did with it and no further. But she may not testify as to the contents of the missing part of the letter, for what was said in the letter was the act of the decedent, and to allow her to testify for herself as to this would in effect be to allow her to testify to the act of the deceased. See Russell v. Tyler, 224 Ky. 511, 6 S. W. (2d) 707, also Combs v. Roark, 206 Ky. 454, 267 S. W. 210.

The judgment is reversed.