# Ewing v. Ewing.

(Decided April 23, 1935.)

MILLIKEN & MILLIKEN for appellant.
RODES K. MYERS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In 1918 Dr. W. M. Ewing purchased a policy of war risk insurance in the amount of $10,000 payable to his brother, Frank S. Ewing, the appellant herein. On January 1, 1926, the policy was reduced and converted to a $5,000 ordinary life policy and the beneficiary changed to his wife, Violet M. Ewing, the appellee herein. In November, 1927, Dr. Ewing, the insured, wrote to the United States Veterans' Bureau asking

that the beneficiary of the policy be changed from his wife to his brother, Frank S. Ewing. Pursuant to this application the change was effected on December 15, 1927.

On January 6, 1928, Dr. W. M. Ewing died, and on the 14th day of February, 1928, the Veterans' Bureau paid to the appellant the sum of $4,997.40, the net value of the policy. On February 8, 1933, Violet M. Ewing filed this suit to set aside the change of the beneficiary from herself to Dr. Frank S. Ewing, on the alleged grounds of undue influence and mental incapacity. The case was tried before a jury in May, 1933, resulting in a verdict and judgment in favor of Mrs. Ewing, and from that judgment this appeal is prosecuted.

Appellant filed motion and grounds for a new trial consisting of various items, but it does not become necessary to discuss all of them. Appellant pleaded in his answer, among other things, the five-year statute of limitations. It is insisted that more than five years had lapsed between the time of the change of the beneficiaries and the filing of the suit. But the question to be determined on this point is whether or not the statute began to run against Mrs. Ewing at the time the change of beneficiary was made. The decedent, Dr. W. M. Ewing, left a will naming Dr. Frank S. Ewing, the appellee herein, executor of his will, and with respect to the insurance policy the will directed that, after the testator's debts were paid, the remainder of the insurance, if any, be paid to his brother, the appellee. Mrs. Ewing testified that she read the will, which was probated soon after the death of her husband, and from the information she obtained from it she thought that her deceased husband had changed the beneficiary from her to his estate, and that Dr. Frank S. Ewing, as executor of the estate, was holding the said insurance funds by virtue of his executorship. However, in May, 1931, she wrote a letter to the Veterans' Bureau making some inquiry about the insurance, and received information from the Bureau that Dr. Frank S. Ewing was the beneficiary of the policy, and it had long since been paid to him on the date above stated.

The alleged fraud complained of is that appellant was named the beneficiary of the policy instead of the

decedent's estate. Under the provisions of section 2519 of the Kentucky Statutes, a cause of action is not deemed to have accrued until the discovery of the fraud or mistake, provided, however, such action shall not be brought ten years after the fraud, etc. See, also, Brown v. Brown, 91 Ky. 639, 11 S. W. 4, 12 Ky. Law Rep. 280; Yager's Adm'r v. President, etc., of Bank of Kentucky, 125 Ky. 177, 100 S. W. 848. In these circumstances we do not think that the statute of limitations began to run against appellee until May, 1931, the time of the discovery of the alleged fraud.

The next complaint is directed to the evidence. It is insisted that the court admitted irrelevant and incompetent evidence to the jury, and, particularly, that the court erroneously permitted the appellee, widow of the deceased, to testify in her own behalf in violation of section 606, subsec. 2 of the Civil Code of Practice. It is insisted for appellee that appellant cannot complain of the testimony of Mrs. Ewing because counsel for appellant cross-examined her and brought out relative and material facts on such cross-examination. We do not think this position can be sustained. If the testimony of a witness is objected to and the objections overruled, a subsequent cross-examination of the witness does not waive the objections or make such evidence competent. Saylor v. Saylor, 151 Ky. 694, 152 S. W. 763.

Mrs. Ewing was permitted to testify that her husband was a morphine addict and consumed a large amount of morphine each day, and gave it as her opinion that, because of the effects of the morphine, he was not mentally competent to transact business at the time the beneficiary of the policy was changed from her to Frank S. Ewing. A number of doctors testified for appellee, plaintiff below, and, in response to hypothetical questions based upon the statements of Mrs. Ewing that her deceased husband was a morphine addict, and also stating the amount of morphine consumed by him each day, stated that in their opinion a person using that amount of morphine daily would not be competent to transact business, or testimony of like import. The decedent was a medical doctor and administered the morphine to himself, and no one testified to the amount of morphine used by him, except Mrs. Ewing, the widow. Mrs. Ewing testified to other

occurrences which might indicate undue influence. Eliminating Mrs. Ewing's testimony, there is no evidence in the record conducing to show any basis for the testimony of the doctors as above indicated. The trial court rendered an opinion which is made a part of the record, wherein he stated that the only evidence of any undue influence at all was that of Mrs. Ewing. There was some other evidence to the effect that the deceased was a drug addict and at times appeared to be indifferent, nervous, etc., but such evidence is insufficient to establish undue influence or mental incapacity.

To establish undue influence, the evidence must show more than physical weakness or an opportunity to exercise such influence. Smith v. Smith, 243 Ky. 240, 47 S. W. (2d) 1036.

Our conclusion is that Mrs. Ewing was an incompetent witness under section 606, subsec. 2, of the Civil Code of Practice, which, in part reads:

"Subject to the provisions of subsection 7 of this section, no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by an infant under fourteen years of age, or by one who is of unsound mind or dead when the testimony is offered to be given except for the purpose, and to the extent, of affecting one who is living, and who, when over fourteen years of age and of sound mind, heard such statement, or was present when such transaction took place, or when such act was suchtransaction took place, or when such act was done or omitted. * * *"

It is not shown that the appellant was present and heard the statements or knew about the acts and transactions testified to by Mrs. Ewing.

It is insisted for appellee that her evidence was competent, and to support this argument the case of Russell v. Tyler, 224 Ky. 511, 6 S. W. (2d) 707, is cited, which case discusses Combs v. Roark, 206 Ky. 454, 460, 267 S. W. 210, which was a will contest wherein the questions of undue influence and mental incapacity were in issue. It has been held by this court in numerous cases that in will contests that provision of the Code above quoted does not apply. This rule seems to have had its inception under the

provisions of the old Code, and, since the enactment of the present Code, this court has followed the rule established under the old Code, which dates back to Milton v. Hunter, 13 Bush. 163, 166, and Cave's Devisees v. Cave.'s Heirs, 13 Bush. 452, 454. Those opinions were based upon the provisions of section 22, c. 37, of the General Statutes. Combs v. Roark, supra, Russell v. Tyler, supra. But the rule or exceptions has not been extended to cases other than will contests.

In Equitable Life Assurance Society v. Bailey, 203 Ky. 339, 262 S. W. 280, 39 A. L. R. 160, Mrs. Bailey, the beneficiary, was permitted to testify how her deceased husband acted or what he did, some things he said and how he looked shortly before his death, in support of her contention in avoidance of the suicide clause of the policy in litigation. This court held that a beneficiary in a life insurance policy could not testify for himself concerning any acts or conversation, in view of subsection 2 of section 606 of the Civil Code of Practice, and held that the trial judge erred in allowing such testimony. To the same effect see Prudential Ins. Co. v. Hodge's Adm'x, 232 Ky. 44, 22 S. W. (2d) 435; Hale et al. v. Hale et al., 242 Ky. 810, 47 S. W. (2d) 706; Lawson's Adm'r v. Brandenburg, 241 Ky. 68, 41 S. W. (2d) 201.

Numerous other cases and authorities could be cited, but we think the above authorities are sufficient and are conclusive of this question.

It is further insisted that the court permitted incompetent testimony of witnesses other than Mrs. Ewing, the appellee. Some of the witnesses were permitted to testify about the value of certain property, etc. There was also evidence to the effect that appellee was chauffeur for her husband and served as his office girl, and perhaps other collateral matters having no connection with the issue. Such evidence should not have been permitted. We express no opinion on other questions raised.

For reasons indicated, the judgment is reversed and remanded for proceedings consistent herewith.