## McBurney's Heirs v. Hopper.
### Nov. 3, 1939.

Zeb A. Stewart and G. L. Dickinson for appellants.

Hiram H. Owens and Victor A. Jordan for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In February 1938 Mrs. Mary W. McBurney filed this ejectment action in the Knox Circuit Court against the defendant and appellee, Richard Hopper. In her petition she alleged that she was the owner and entitled to the possession of a vacant lot in the City of Barbourville, Kentucky; that the defendant Hopper had wrongfully taken possession of it and was preparing to erect a house thereon. She prayed that she recover the possession from the defendant, and for a judgment of $100 damages against him for his wrongfully withholding the possession against her. Defendant answered the petition by denying plaintiff's ownership of the involved lot and in a second paragraph alleged that he was the owner of it, and that plaintiff's wrongful claim of ownership

cast a cloud on his title. He, therefore, asked that he be adjudged the owner of the property and that the alleged cloud on his title be removed. Plaintiff's demurrer to that pleading was overruled, but the record brought here contains no sort of response, and which, if it be true that none was made, then defendant was entitled to judgment upon the pleadings. But he has not appealed either directly or by cross appeal, and, therefore, all errors that may have been committed against him, if any, may not be considered by us. The case was finally submitted to a jury to which the court gave but one instruction, and which in substance was, that of the requisite adverse possession of the lot by defendant so as to vest in him a prescriptive title. Pursuant to that instruction nine of the jury returned this verdict: "We the jury decide against the defendant, Richard Hopper." Whereupon the court rendered this judgment: "It is the judgment of the court that the petition of the plaintiff be and it is dismissed and the counterclaim of the defendant be and it is dismissed and by neither will either take anything other than the defendant is adjudged his costs herein expended, and to all of which each party at the time objected and excepted."

Plaintiff filed a motion for a new trial of rulings against her as hereinafter shown, which was overruled with exceptions; but defendant did not so complain of the judgment, and for which additional reason he became barred from the right to review the judgment against him, or any order of the court made during the trial against him. Plaintiff filed no bill of exceptions, or transcript of the evidence heard at the trial, although the order of the court embodying the judgment recites that evidence was introduced and heard by both parties.

Before taking up what we conceive to be the only issue in the case—as presented by the record brought here—we deem it proper to say that the transcript as made out and filed in this court is more or less confusing, due to the fact that the designation of the parties as "defendant" and "plaintiff" are employed interchangeably when from the context, as well as information imparted by briefs, it was clearly intended that the opposite designation was the correct one. However, from the context, with the aid of briefs, we have managed, as we conclude, to acquaint ourselves with what actually transpired. Also, it should be stated that since

the filing of the transcript plaintiff died intestate, and the appeal has been revived in the name of her heirs.

The order containing the judgment appealed from by plaintiff recites what occurred at the trial, the substance of which was and is: That plaintiff introduced her testimony and announced through, when defendant entered motion for a peremptory instruction in his favor. The order then recites that: "The court declined to do that and gave the plaintiff to the following day to investigate the law, and on the convening of the court on that day counsel for plaintiff entered a motion to dismiss the case without prejudice," which the court sustained. It then inquired of defendant "as to his pleasure and counsel announced that they desired judgment on his counterclaim," for which he then entered motion and to which plaintiffs' counsel objected. The objection was sustained and defendant's motion overruled. At that juncture plaintiff moved to withdraw her motion to dismiss the case without prejudice, to which defendant objected; but his objections were overruled and the motion of plaintiff was sustained, and which had the effect to reinstate plaintiff's case on the docket. Then followed an argument from both sides upon the issue as to whether plaintiff had made out a case in her favor and the propriety of sustaining a peremptory instruction against her. The court indicated that he would sustain the motion—upon the ground of plaintiffs' failure of proof of title—and the jury which had retired during the discussion was ordered to return to the court room. But before the court so peremptorily instructed the jury plaintiff again entered motion to dismiss her case without prejudice, which the court overruled because, as stated, "Said motion at that time came too late." The court then overruled defendant's motion for a directed verdict in his favor, and submitted the issue of his title averred in his counterclaim by giving to the jury the instruction supra.

In plaintiffs' motion for a new trial many grounds are relied on but none of which are presented for our review because of the absence of a bill of exceptions and the evidence introduced at the trial. However, the transcript does present the correctness of the order of the court in overruling plaintiffs' last motion to dismiss her action without prejudice, which is one of the complained of errors in the motion for a new trial. It appears from our recitations supra—as taken from the

judgment and order of the court—that at the time that motion was made the case had not been given to the jury, nor had any issue been submitted to it in any form. Nothing had then occurred except indications of the court as to what he conceived to be the law arising from the evidence introduced. The case had not reached the stage of having been submitted to the tribunal whose duty it was to pass upon the factual issues relating to defendant's alleged title by adverse possession and which in the correct opinion of the court it was necessary to submit to the jury.

Section 371 of our Civil Code of Practice says in part: "An action, or any cause of action, may be dismissed without prejudice to a future action—1. By the plaintiff, before the final submission of the case to the jury, or to the court, if the trial be by the court." This case was—at least by consent, acquiescence or agreement of parties—tried before a jury and not by the court. When plaintiffs' last motion to dismiss her case without prejudice was made there had been no submission to the jury and, under numerous cases cited in the notes to the section, she had the right to dismiss her action at the time her last motion for that purpose was made. Among the cases so construing the section are Vertrees' Adm'r v. Newport News & M. V. R. Co., 95 Ky. 314, 25 S. W. 1, 15 Ky. Law Rep. 680; Wilson v. Dupree, 71 S. W. 645, 24 Ky. Law Rep. 1456; Wilson v. Sullivan, Ky., 112 S. W. 1120 (not elsewhere reported); Ohio Valley Elec. Ry. Company v. Lowe, 167 Ky. 132, 180 S. W. 61, and Doss v. Illinois Central Ry. Co., 198 Ky. 22, 249 S. W. 346. Some of them, and particularly the Lowe and Doss cases, presented the identical question here involved, i. e. that a motion for a peremptory instruction was made and argued, and the court indicated his purpose to sustain it, but before the jury was so directed the plaintiff against whom the ruling was made moved for a dismissal of his case, and which this court held was timely and the motion to dismiss should have been sustained.

Following those opinions—which we approve as being correct—it is apparent that the court erred in overruling plaintiffs' last motion to dismiss her action. If the motion had been sustained, followed by the same submission of defendant's title to the involved lot and with a return of the same verdict, the parties would have occupied the same status towards the property as they

now do, except that by the judgment as rendered against plaintiffs by ordering her petition dismissed after the return of a directed verdict against her she and her heirs are forever barred from re-litigating their title, but which right would have been preserved if the court had sustained the motion to dismiss the case without prejudice; provided appellants saw proper to relitigate it within the limitation period of their right to do so. The judgment as rendered determined that neither party to the litigation owned the involved lot; whilst if plaintiffs' motion had been sustained the effect of the judgment would be that defendant had no title to the lot, but plaintiffs' title thereto would remain undetermined, and with no pending action asking for its determination. The parties would then occupy the same status that they did before the action was filed, except a valid judicial determination that defendant had no title, especially as between him and plaintiffs. When that is done, pursuant to directions hereinafter given, the court should adjudge each party to pay his own costs, but the costs of this appeal are adjudged against appellant.

Wherefore, the judgment against plaintiffs is reversed, with directions to set it aside, and then sustain her motion to dismiss the case without prejudice, and for other proceedings not inconsistent with this opinion.