# Hopper v. McBurney et al.

Jan. 26, 1943.

32

Hiram H. Owens for appellant.

G. L. Dickinson and Zeb A. Stewart for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

In an action instituted and adjudged previous to the filing of the petition in this case, Mrs. Mary McBurney sought relief in ejectment against appellant, Richard Hopper, to be declared the owner, and to be entitled to recover possession of, a certain lot in the city of Barbourville, the title and right to possession of which forms the subject of this action. Before submission of that case to the jury, Mrs. McBurney moved the court to permit her to dismiss the petition without prejudice to her right thereafter to institute an action concerning the same subject matter. The court overruled the motion and directed the jury to return a verdict, which they did, in favor of the defendant, dismissing plaintiff's petition finally. The case was submitted to the jury on the de-

fendant's counterclaim that he was the owner of the lot. The jury returned a verdict against defendant. Mrs. McBurney appealed from the judgment finally dismissing her petition, but Hopper did not prosecute a cross-appeal. While the appeal was pending in this court, Mrs. McBurney died, intestate. The action was revived in the names of her husband, Fred McBurney, and her daughter, Eleanor McBurney, her only heirs at law. Perceiving that the trial court erred in overruling the motion to dismiss the petition without prejudice, this court reversed the judgment with directions that in so far as it dismissed the petition finally, the judgment be set aside and another be entered permitting the plaintiff to dismiss without prejudice. McBurney's Heirs v. Hopper, 280 Ky. 295, 133 S. W. (2d) 100. But, since no appeal was taken from that part of the judgment which denied the defendant his claim in respect to the title and right to possession of the lot, the judgment denying plaintiff's claim was not disturbed. Both parties in the original action claimed the property through a common remote grantor, L. D. Jarvis, who died prior to the institution of either of the suits herein mentioned. After the judgment dismissing appellant's counterclaim was entered, Hopper procured a deed to the lot from the heirs of L. D. Jarvis.

Thereafter this action was instituted in equity by appellees against appellant: wherein they alleged that they were the owners and in possession of the lot, asked that their title be quieted, and that they be permitted to recover damages of appellant in the amount of $150 because the salable value of the lot had been reduced in that amount by the claim of ownership asserted by appellant. Upon submission of the case, the chancellor entered judgment declaring appellees to be the owners and entitled to possession of the property, and permitting them to recover damages in the amount prayed for.

It is first insisted that the demurrer to the petition should have been sustained, because the petition shows on its face that the defendant was in possession of the property at the time of the institution of the action and the action was one brought in equity to quiet title. It is true that to maintain an action in equity to quiet title it is incumbent upon plaintiff to allege and prove he is in possession of the property involved. KRS 411.120 (Section 11, Carroll's Kentucky Statutes); Cornelison v.

Foushee, 101 Ky. 257, 40 S. W. 680, 19 K. L. R. 417; Crawley v. Mackey, 283 Ky. 717, 143 S. W. (2d) 171. But this defect was cured by the answer, which alleged that the defendant was in possession of the property and prayed that his title be quieted. In such character of case, the court has the right to settle the whole controversy although the plaintiff does not show that he is in possession. Hall v. Hall, 149 Ky. 817, 149 S. W. 1128; Nugent & Stransberry v. Mallory, 145 Ky. 824, 141 S. W. 850. We will therefore proceed to a decision of the case on its merits.

Appellees claim ownership of the property by inheritance from Mrs. McBurney, who, they claim, became the owner by reason of a deed executed by her husband, appellee, Fred McBurney; they contend that Fred McBurney became the owner of the lot by reason of a lost and unrecorded deed, allegedly executed and delivered to him by L. D. Jarvis, who was the owner and so remained until his death, unless, he was divested of title by the execution and delivery of the deed it is claimed was lost or destroyed. The question, in so far as the paper title is concerned, resolves itself into proof of the existence of the lost instrument. The only testimony as to the existence of such a deed is that given by Fred McBurney who has a direct interest in the outcome of this action.

In so far as pertinent to the issue involved, subsection 2, section 606, of the Civil Code of Practice, provides:

"Subject to the provisions of subsection 7 of this section, no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by * * * one who is * * * dead when the testimony is offered to be given * * *."

Certain exceptions are contained in the subsection partially quoted, but, neither they, nor the provisions of subsection 7 of section 606, have any application to the question involved in this case. Unquestionably, under this section of the code, Mr. McBurney was not a competent witness for himself in testifying as to transactions between him and Mr. Jarvis. As to whether he was competent to testify in behalf of his daughter depends upon whether the interest claimed by him and

that claimed by her are joint or severable. If their interests are joint, neither of the parties may testify for the other with reference to transactions with one who was dead at the time the testimony is offered. Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167. But, if the interests are severable, either may testify for the other but neither may testify for himself. Interests are joint where they are so connected that both must succeed or fail together. Interests are severable if one may fail though the other succeed. Gernhert v. Straeffer's Ex'r, 172 Ky. 823, 189 S. W. 1141. In this case, both appellees claim by inheritance from the same person, Mrs. McBurney. One of the facts to be determined is whether or not Mrs. McBurney at her death was the owner and entitled to possession of the property in dispute. If it be determined that at the time of her death she was the rightful owner, both her husband and her daughter were entitled to inherit their respective interests in her estate. If the one is entitled to inherit from her, the other is equally and jointly entitled to do so: in other words, their interests are so connected that both must succeed or fail together. That being true, the testimony of Mr. McBurney as to the transaction with Mr. Jarvis, the deceased, was incompetent either for himself or for his daughter. It appears in evidence that on January 6, 1930, Fred McBurney and his wife executed a mortgage on the lot in question to Jarvis to secure a loan of $320. While such evidence, no doubt, would be corroborative of competent evidence to the effect that Jarvis had executed a deed to the lot and delivered it to McBurney, it was not in itself sufficient to prove that such a deed was ever in existence. Purging the record of the incompetent testimony, there is no evidence that title to the lot in question ever passed out of Jarvis during his lifetime. Accordingly, he was the owner of the lot at the time of his decease. It follows that his heirs succeeded to those rights upon his death, and appellant, as their grantee to the lot in question, is now the legal owner thereof and entitled to its possession, unless he has been precluded from asserting his paper title by the evidence in support of appellees' pleas of res judicata and adverse possession.

It is insisted that, since that part of the judgment in the first case from which no appeal was taken, declared appellant was not the owner or entitled to possession of the property, he is now precluded, under the doctrine of res judicata, from asserting ownership. But that

judgment was declaratory of the mere fact that, at the time of the entry of the judgment, appellant did not have title to the property. The title he asserts in this case was acquired by deed from the Jarvis heirs after the entry of that judgment. This deed was not relied on in the original case; indeed it was not in existence at that time. Appellant in the original case relied on a plea of adverse possession and a deed executed and delivered to him by Jarvis in his lifetime. It was sought to reform that deed to include the description of the lot in question. The doctrine of res judicata would preclude appellant from relying on either of those sources of title, but certainly does not preclude him from relying on a source of title acquired after the entry of the judgment in the first litigation.

Nor do we think the testimony for the McBurneys that they had possession of the lot in question in excess of 30 years to be sufficient to ripen into title. The testimony given by McBurney is to the effect that he and his wife and L. D. Jarvis and those through whom McBurney and his wife claim, have owned the lot for a period of 34 years. There is no showing that McBurney and his wife, exclusive of Jarvis, had adverse possession of the lot for a period of 30 years, or for a period of 15 years, as required by the statute to establish title by adverse possession. Both parties claim through Jarvis, therefore his possession cannot be tacked to the McBurneys' to establish adverse possession against Hopper.

Since the judgment of the lower court is not in accord with the views expressed in this opinion, it is reversed for proceedings consistent herewith.