## Kilburn et al. v. Holliday.

Nov. 19, 1943.

Ward & Ward for appellants.

J. A. Smith and T. E. Moore for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by the appellee in her individual capacity and as administratrix of the estate of her husband, Carter Kilburn, against his children and their respective spouses to procure a settlement of his estate and a sale of his real property, and to recover $500 with interest alleged to be due appellee in her individual capacity by reason of a note executed to her by her deceased husband. By an amended petition she sought to recover the additional sum of $450, representing the proceeds of personal property allegedly exempt to the widow under the provisions of KRS 391.030 but utilized by her in discharging other debts of the decedent.

The uncontradicted testimony of the widow showed that at the time of her husband's death they were temporarily residing in Ohio where they were operating a farm; that without seeking legal advice and before returning to Kentucky to qualify as administratrix, she employed an auctioneer in Ohio, and through him sold for $454.08 at an advertised public sale all of the personal property owned by her husband; and that she expended all of the money thus derived except "enough to go back home on" in paying her husband's funeral expenses and debts which he had contracted in Ohio. She also testified without objection that the note on which she sought a recovery had been executed to her by her husband on a date approximately ten years prior to his death; that the consideration for the note was money which she loaned him; that the note had been written by her brother at her husband's dictation, and signed in the

presence of her brother who witnessed her husband's mark affixed thereto, and that no part of the note had been paid. Her testimony as to the execution of the note was corroborated by her brother who stated, however, that he did not see any money pass between the parties, and that the last time he saw the note it was in the possession of the husband. But the widow was in possession of the note at the time of her husband's death, and introduced it in evidence, and the Commissioner of the court before whom the testimony was taken, allowed the claim. The chancellor adjudged that the widow was entitled to be reimbursed for the $450 which she had expended out of the proceeds of the exempted personalty, and directed that so much of a tract of land owned by decedent and situated in Leslie County as might be necessary, and so much as might be necessary of his undivided one-third interest in two tracts situated in Perry County, be sold by the Commissioner in satisfaction of the indebtedness. This appeal is from that judgment.

It is forcefully argued that the testimony given by the widow regarding the execution of the note was incompetent, and with this testimony eliminated, not enough remained to support the judgment in her favor. With this contention we agree; but the difficulty with appellants' position is that they filed no exceptions to the objectionable testimony. Civil Code of Practice, Section 586 and notes thereto. They also contend that even with the widow's testimony considered, the evidence was insufficient to establish the genuineness of the transaction. But with this latter contention, we cannot agree. It is true that there were suspicious circumstances which create doubt that the note was in fact executed by the decedent; but the Commissioner allowed the claim, with misgivings, after thoroughly weighing the evidence, the Chancellor approved his findings, and we would not be authorized to disturb them in the absence of more than a doubt as to their accuracy.

It is next contended that the court was without power to subject the real estate to the payment of a deficiency in the exemptions granted the widow by the statute cited. With this contention we also agree, but no such case is here presented. It was alleged in the petition and not denied that the decedent was a resident of Perry County at the time of his death. Hence, the

laws of Kentucky, and not the laws of Ohio, govern. Townes v. Durbin, 3 Metc. 352, 77 Am. Dec. 176; Amer. Juris., Vol. 11, Section 92, pages 379, 380. At the moment of his death the widow became vested with a right to the exempted personalty. Blades v. Blades' Adm'r, 289 Ky. 556, 159 S. W. (2d) 407, and authorities there cited. In selling this personalty for what presumably was its full value, and paying the decedent's debts, including his funeral expenses, the widow was not a mere volunteer. The case is no different from what it would have been had the widow sold property which she had derived by purchase and used the proceeds in paying debts owing by the estate. The principles of equity applied in the case of Nesbit et al. v. Wood et al., Ky., 56 S. W. 714, apply here. There, personal property exempted to the widow was levied upon and sold by the sheriff for taxes due by the deceased husband. This court held that she was entitled to reimbursement out of the real estate. See, also, Meyers' Adm'r v. Meyers, 244 Ky. 248, 50 S. W. (2d) 81, where the widow was permitted to recover from the estate the value of personal property which should have been set aside to her as exempt, but instead, was utilized by the heirs and administrator in operating a farm owned by her deceased husband.

In answer to the objection that the widow's accounting was not exact, either as to the amount or the character of the claims paid, it is sufficient to say that while there are a few slight discrepancies between her testimony and the records produced by her, on the whole, the evidence leaves no doubt that she applied practically all of the money derived from the sale (indisputably, $454.08) to the payment of her deceased husband's debts. Clearly, the disposition of this objection calls for the application of the maximum "de minimis non curat lex."

Finally, it is suggested that since the first tract of land ordered sold was situated in Leslie County, the court was without jurisdiction to order it sold by the Commissioner in Perry County. The suggestion is wholly without merit. Civil Code of Practice, Section 66.

Judgment affirmed.