Florence GIBBS, Adm'x of the Estate of
Lucye Wells Peyton, et al., Appellants,

v.

Sally TERRY, Appellee.

Court of Appeals of Kentucky.

March 18, 1955.

Rehearing Denied Sept. 23, 1955.

Boyd, Boyd & Lowry, Paducah, for appellant.

Waller, Threlkeld & Whitlow, Paducah, for appellee.

STANLEY, Commissioner.

Mrs. Lucye Wells Peyton, a widow, died on or about October 25, 1951, survived by her mother, a sister, and three brothers. After her death, (which was not discovered for several days) an extensive search was made for her will, but none could be found.

On the assumption that she had died intestate, Mrs. Anna Bell Regan, deceased's sister, was duly appointed administratrix of the estate. Later she disqualified herself, and Miss Florence Gibbs was appointed in her place.

Six months later Mrs. Sally Terry filed a petition in the McCracken County Court for probate of the will of Mrs. Lucye Wells Peyton and for the appointment of an administrator with will annexed. She alleged the will executed by deceased had been lost or destroyed since her death. An affidavit of Mrs. Lorraine Talmage was submitted for probate as a paper containing the substance of the will.

The county court declined probate, and Mrs. Terry appealed to the circuit court. Neither Mrs. Talmage nor other named beneficiaries were made parties to the probate proceedings in either court. A verdict in the circuit court found the decedent had left a will and that the affidavit of Mrs. Talmage contained its substance. The court thereupon adjudged that the same be admitted to probate.

The will as ordered to probate devised testatrix' residence and furnishings and a ring to Sally Terry; bequeathed telephone company stock and a ring to Lorraine Talmage; postal savings notes to four relatives of the deceased's husband; and her life insurance to her mother, Mrs. Mary Etta Wells.

Florence Gibbs, as administratrix of the estate, and Mary Etta Wells, sole heir at law, have appealed the judgment. Only Mrs. Terry is an appellee.

Appellants contend they were entitled to a directed verdict because appellee failed to prove by clear and convincing evidence the necessary elements of an action for the probate of a lost will, which are: (1) due execution; (2) contents; (3) loss or destruction; and (4) continued recognition without revocation. White v. Brennan's Adm'r, 307 Ky. 776, 212 S.W.2d 299, 3 A.L.R.2d 943; Noland v. Turley, Ky., 255 S.W.2d 495; Loy v. Loy, Ky., 246 S.W.2d 578.

The evidence introduced to establish the elements of execution and contents consisted largely of the testimony of Mrs. Terry and Mrs. Talmage. Miss Florence Gibbs, a long time lawyers' stenographer, and now a court reporter and tax consultant, testified she prepared a will for the deceased, but had no recollection of its contents or of anything about Mrs. Peyton having signed it or of the subscribing witnesses. But it was her uniform practice to have wills she drafted signed by the party and subscribed by two witnesses. A number of corroborative witnesses testified to statements made by deceased relative to her will. These statements were admissible only for

the purpose of corroborating other evidence of the main facts to which the declarations were addressed. Statements of this kind are not competent or sufficient in and of themselves to establish the execution or contents of a missing will. Allen v. Lovell's Adm'x, 303 Ky. 238, 197 S.W.2d 424; Ferguson v. Billups, 244 Ky. 85, 50 S.W.2d 35. The contents of a missing will must be established by a competent witness who saw or read the will and can give the substance of its provisions. Loy v. Loy, Ky., 246 S.W.2d 578; Wood v. Wood, 241 Ky. 506, 44 S.W.2d 539.

In this case the only direct evidence of the contents of the will was provided by the principal devisees, Mrs. Terry and Mrs. Talmage. They were old and close friends of the deceased, who, it appears, did not get along very well with her kinsmen.

The case was tried while Sec. 606(2) of the Civil Code of Practice was in effect. This section prohibited an interested party from testifying for himself concerning any statement of or transaction with, or any act done or omitted to be done by one who is dead. The provision is now KRS 421.210.

 Of course, as was admitted throughout the trial and has been conceded on the appeal, the testimony of Mrs. Terry and Mrs. Talmage concerning "verbal statements" of the deceased to them is within the express exclusion of Sec. 606(2). Nor can there be any doubt that the exhibition of the paper by the decedent to the witnesses was an "act done" by her and that their examination of it by reason thereof clearly constituted a transaction," concerning which the parties were prohibited from testifying. Such testimony meets the conventional test, namely, that if living, the deceased might contradict or corroborate the testimony. Hale v. Hale, 242 Ky. 810, 47 S.W.2d 706; Ganter's Adm'r v. Smith, 254 Ky. 654, 72 S.W.2d 58; Stovall's Ex'r v. Slaughter, Ky., 268 S.W.2d 943.

The cases in other jurisdictions are not wholly in accord with respect to the application of the commonly called "dead man's statutes" which prohibits a person from testifying in his own behalf concerning merely the existence or the contents of an instrument written or executed by a decedent when the factor of a personal transaction between them is absent. Annotation, Statute excluding testimony of one person because of death of another as applied to testimony in respect of lost or destroyed instrument. 79 A.L.R. 785. The same is true as to the application of the rule of exclusion in probate proceedings generally, both in foreign cases and our own. Annotation, Statutes excluding testimony of one person because of death of another as applicable in proceeding to probate will. 115 A.L.R. 1425, 173 A.L.R. 1282; 58 Am.Jur., Witnesses, Secs. 230 et seq., 307. Often the particular conditions and sources of knowledge of the witnesses are determinative.

This court held in Kendall v. Hillsboro & Poplar Plains Turnpike Road, 67 S.W. 376, 23 Ky.Law Rep. 2372, that two stockholders of an interested corporation were competent to testify that a lost deed conveying a fee simple title to property to the corporation had been executed and delivered to it by a person since deceased, even though he was present when they saw the deed; but their testimony as to statements of or transactions with the deceased was excluded. The court observed that "because Kendall was there would not prevent the witness stating the contents of the writing any more than if he had stated that he saw the deed when Kendall was not present. Testifying as to the contents of a writing is not testifying concerning a transaction with Kendall." And in Ferguson v. Billups, 244 Ky. 85, 50 S.W.2d 35, under a like condition, we held a devisee in a lost will was competent to testify to its contents and the signature of the testatrix.

The present case is different in that the deceased party exhibited the instrument to the witnesses and had them read it. But for her act, they would never have known the contents. We are presented with alternative questions: (1) Does disqualification of a witness to tell that the deceased person gave her the opportunity to read the paper

carry through and disqualify her from telling what she read? Or, conversely, (2) Is the qualification to testify what the witness had read removed or destroyed because the opportunity or source afforded her to see and read the instrument came through a transaction with the deceased about which she could not testify?

■ It seems to us that the disqualification carries through and is inseparable. It is unlike the situation in the Kendall and Ferguson cases above cited, where the deceased persons had nothing to do with placing the deed, in the one case, and will, in the other case; in the hands of the witnesses. In the case at bar the proof is in truth and in fact of an "act done by" the deceased and of a "transaction with" her by the witnesses. The "transaction" and the reading are intrinsically one and the same. It may not reasonably be divided or disconnected so that a part of it may be discarded and part of it retained, or part held to be good and part bad as independent facts. In Ganter's Adm'r v. Smith, 254 Ky. 654, 72 S.W.2d 58, we held the recipient of a testamentary letter through the mail could not testify that the deceased had written it or that she had received it or as to its contents since the recipient was a beneficiary. The case is indistinguishable from the present. So, the disqualification of each witness to testify for herself extended through to the examination of the will and its contents.

The appellee maintains the appellants are not in position on the appeal to raise the question of incompetency of the two witnesses to testify concerning the contents of the will. Their position, it is claimed, arises from express waiver or omission of objection.

We first look to the examination of Mrs. Sally Terry.

As she started to relate the circumstances under which she had seen Mrs. Peyton's will, the following objection and statement was made by opposing counsel:

"By Mr. Boyd: Object to what the testatrix told her. There is no question about her being a beneficiary under this purported will, and I think we should have a ruling on that. She is a beneficiary under the will that is sought to be probated. I don't think any of the conversation between this beneficiary and the testatrix is competent; she can testify as to what she saw of the will and what was in it."

After a conference in chambers, the Court ruled "that the witness may be permitted to tell what she saw of it, but not to detail any conversation with the deceased person, and to that extent the objection of appellees is sustained."

The interrogation proceeded. The court quite consistently excluded testimony concerning conversations with the deceased, most of which were voluntary interjections or answers unresponsive to the questions. The witness related that the paper was signed by Mrs. Peyton and by two witnesses, one of whom she believed was Miss Florence Gibbs. She testified that Mrs. Peyton had shown her the will, and she had read that part which referred to herself, which was that she was to receive the testatrix' home in Paducah with its furnishings and her "personal belongings."

Without going into detail, it seems to us the rulings of the trial court were in accord with his initial ruling and the express waiver of opposing counsel to testimony of the witness concerning the contents of the paper.

■ The other beneficiary witness, Mrs. Talmage, went into considerably more detail concerning the exhibition of the instrument by Mrs. Terry to her and its contents. She had reduced her memory of the provisions of the instrument to an affidavit which, as earlier stated in this opinion, had been submitted in the probate proceedings. The substance has already been stated. Mrs. Talmage's testimony was given by a deposition which was read to the jury. While no written exceptions were filed as required by Secs. 586, 587, Civil Code of Practice, see Kilburn v. Holliday, 295 Ky. 843, 175 S.W.2d 516, the omission cannot be

taken advantage of for it had been stipulated that all depositions to be read should be subject "to objections as reflected" in them. Moreover, as we gather from the record, the objections and the rulings of the court thereon were made during the course of the reading of the deposition to the jury. Instead of waiving the incompetency of this witness, opposing counsel quite consistently objected to her testifying not only as to conversations and transactions with the deceased, but to the contents of the paper. In all instances the objections were overruled. If any such testimony came in without specific objection, the objections once made were carried through and must be deemed to have applied to it. Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S.W.2d 31, 140 A.L.R. 1127.

The fact that she was cross-examined concerning the incompetent evidence brought out on direct examination does not constitute a waiver of disqualification. Ewing v. Ewing, 258 Ky. 825, 81 S.W.2d 860. In the cases cited by the appellee on this point which seem to be to the contrary, the examination was of a party who had been called to testify by the adverse party or who had given a deposition as on cross-examination and the deposition had been filed. Coy v. Pursifull, 249 Ky. 57, 60 S.W.2d 93; McCoy v. Ferguson, 249 Ky. 334, 60 S.W.2d 931, 90 A.L.R. 891; Martin v. Martin, 286 Ky. 408, 150 S.W.2d 696.

Mrs. Talmage was not only disqualified from testifying for herself but for Mrs. Terry and other beneficiaries. This is because the interests of the two of them were joint and not separate. Their rights must succeed or fall together. Of special pertinence is Hopper v. McBurney, 293 Ky. 31, 168 S.W.2d 374, where the origin of title to land of a father and daughter was a lost deed to the father. More certainly is this true in the present case, for the establishment and probate of a will is essentially a proceeding in rem. Henry v. Spurlin, 277 Ky. 114, 125 S.W.2d 992.

We, therefore, hold that the admission of the testimony of Mrs. Talmage was prejudicial error. The same is true as to the testimony of two other beneficiaries, although their testimony was relatively unimportant.

Accordingly, the judgment is reversed for proceedings consistent with this opinion.