Anna **CALLIHAN**, Appellant,

v.

Virgie Justice **LUSTER** et al., Appellees.

Court of Appeals of Kentucky.

Sept. 27, 1957.

V. R. Bentley, Pikeville, for appellant.

Henry D. Stratton, F. D. Burke, Pikeville, for appellee.

STEWART, Judge.

This action was begun in the Pike County Court by an application to probate an alleged lost will of Bud Justice, Sr., deceased. Appellant, Anna Callihan, one of his children, instituted the proceeding against all the other children and the surviving widow of the decedent. A reconstructed copy of the so-called lost will was offered as an exhibit.

At a hearing in county court an order was entered dismissing the application. Anna Callihan prosecuted an appeal therefrom to the Pike Circuit Court wherein she moved for consolidation of the cause with an earlier case decided in the same court, styled "Anna Callihan v. Herman Kinder et al.", and further moved that, if and after such consolidation was effectuated, a summary judgment be entered in her favor.

A pre-trial conference was held by the lower court at which time the motions to consolidate and for summary judgment were overruled. The consolidation issue will be discussed later in this opinion. The lower court refused to breathe life into the paper tendered as a lost will on the ground that the evidence proffered to prove its existence was inadmissible.

To establish a lost will, the proponent must prove by clear and convincing evidence its due execution, its contents, its loss or destruction, and its continued recognition without revocation by the maker as a testamentary instrument. See Loy v. Loy, Ky., 246 S.W.2d 578; Noland v. Turley, Ky., 255 S.W.2d 495; White v. Brennan's Adm'r, 307 Ky. 776, 212 S.W.2d 299, 3 A.L.R.2d 943.

The record discloses that a document dated May 12, 1933, was tendered in county court with the application as a copy of the alleged will of Bud Justice, Sr. The writing on its face appears to meet all the requisites set forth in KRS 394.040 to constitute it a testamentary disposition of the decedent's property. The inquiry in this case, however, is whether competent evidence could or can be adduced to probate the document as a will. The only witnesses whose testimony was advanced to substantiate the writing as a true facsimile of the supposedly lost will of Bud Justice, Sr., were two daughters of the decedent, both of whom signed the paper as attesting witnesses and both of whom were named in the will as beneficiaries.

The circuit court found that the proof tendered to probate as a will the copy filed with the application was inadmissible as violative of subsection 2 of KRS 421.210 (formerly subsection 2 of Section 606 of the Civil Code of Practice). This section, insofar as it is applicable to the point under discussion, prohibits a person from testifying for himself concerning any verbal statement of or transaction with or any act done or omitted to be done by a per-

son who is dead when the testimony is offered to be given.

■ It is our view this holding was correct, since the two daughters of Bud Justice, Sr., who are witnesses to the writing and who are also devisees under its provisions, would be testifying in their own behalf as to transactions with or acts done by one who is dead. This they were prohibited from doing under the settled law of this jurisdiction. See Stovall's Ex'r v. Slaughter, Ky., 268 S.W.2d 943; Ganter's Adm'r v. Smith, 254 Ky. 654, 72 S.W.2d 58; Hale v. Hale, 242 Ky. 810, 47 S.W.2d 706. There is no other proof that Bud Justice, Sr., ever had a will.

In arriving at the conclusion we have reached, we are not unmindful of the provisions contained in the two subsections of KRS 394.210. The first subsection of this statute recites that, if one attests the execution of a will and subsequently becomes incompetent to be admitted as a witness to prove its execution, the will shall not on that account become invalid. The second subsection provides, in part, that a beneficiary, who has attested the execution of a will under which he takes, shall be deemed a competent witness to prove it, if the will cannot otherwise be established; but such witness shall not receive what may be devised or bequeathed him under the will, unless he would be entitled to share in the estate if the will were not established, in which event he would receive so much of his share as does not exceed the value of that devised or bequeathed to him.

■■ It is apparent we do not have a situation in the instant case to which this statute extends, for the simple reason that it presupposes the existence of an executed instrument at the time of the testator's death which needs only to be shown to have been duly attested in the manner prescribed by KRS 394.040 when offered for probate. The rule is that the disqualification of an interested party as a witness respecting transactions with a deceased person does not apply to proceedings to probate a will. It has been reasoned that the provisions of a statute such as KRS 394.210, as stated in 58 Am. Jur., Witnesses, Sec. 232, pp. 155–56, is "to protect the estate against false and fraudulent claims, and that, therefore, the statute does not apply to a mere judicial inquiry as to whether the instrument offered is entitled to probate as a will, the purpose of which inquiry is primarily to determine whether the deceased intended that the devolution of his property should be controlled by the will or the laws of descent."

In the case at bar proof is required, at the outset, to give birth to a testamentary writing. We are not concerned here with the single question of whether the two beneficiaries are competent witnesses to attest the due execution of a will which admittedly is in being. The proof in such an instance is controlled by subsections 1 and 2 of KRS 394.210. We are confronted, on the other hand, with the problem of recreating an alleged will, and this particular writing may be brought into existence only by evidence which by a long line of decisions we have rejected as inadmissible.

This Court in Combs v. Roark, 206 Ky. 454, 460, 267 S.W. 210, 212, upon a review of its cases relative to the principle of law under discussion, stated the rule thus: "Subsection (2) of section 606 (now subsection 2 of KRS 421.210) is a general declaration of disqualification, referring alike in its application to every person and to all decedents. It disqualifies every person from testifying for himself as to any verbal statement of or transaction with or act done by or omitted to be done by one who is dead, except as provided therein."

In Ganter's Adm'r v. Smith, supra, we held that a woman who was the recipient of a testamentary letter through the mail could not testify that the deceased had written it or that she had received it, nor could she disclose its contents, since she was a beneficiary named in the letter. This case cannot be distinguished from the present one. See also Gibbs v. Terry, Ky., 281 S.W. 2d 712.

In 1955 appellant filed the suit referred to above in the Pike Circuit Court seeking to substantiate her title to a tract of land against her brother, Bud Justice, Jr., one of the appellees herein, and his vendees. The land in dispute had previously been conveyed to appellant's brother by Bud Justice, Sr. She undertook to base her claim upon an alleged lost will, apparently attempting to validate in that action, as in the one here, the questioned writing. That suit was fully tried and resulted in a dismissal of the complaint and no appeal was prosecuted therefrom.

·After the present action was commenced appellant moved to consolidate the record of the older action with the instant one, her manifest intention being to prove the case at bar by the evidence used in the earlier litigation. This motion, as has been previously noted, was overruled.

The lower court undoubtedly relied upon KRS 422.150 in disposing of the motion. This statute reads: "The testimony of any witness taken by a stenographic reporter pursuant to KRS 28.430 may, in the discretion of the court in which it is taken, be used as evidence in any subsequent trial of the same issue between the same parties, where the testimony of such witness cannot be procured * * *."

This provision of law requires an identity of issues and parties and, in addition, that the evidence of the witness or witnesses whose proof is desired cannot be otherwise procured. The former action attacked certain deeds and involved the brother of appellant, Bud Justice, Jr., and his vendees. The present action sought to probate a will asserted to be lost and Bud Justice, Jr., is only one of twenty-one parties included in the suit. There is no identity of either issues or parties as regards the two actions, and appellant did not in circuit court, nor does she here, contend that the witnesses could not be procured at the trial. The motion to consolidate the records in these two cases was properly overruled.

Wherefore, the judgment is affirmed.