COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellants,

v.

LOUISVILLE GAS AND ELECTRIC CO.,
et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1961.

John B. Breckinridge, Atty. Gen., F. D. Curry, Wm. L. Brooks, Asst. Attys. Gen., for appellants.

Gerald Kirven, Charles W. Morris, Stites, Wood, Helm and Peabody, Louisville, for appellees.

STANLEY, Commissioner.

This case originated with a suit filed by Derby Road Building Company against the Commonwealth, Department of Highways, and three public utility companies for damages allegedly caused by being delayed in starting road construction due to the failure of the defendants to clear the right of way. A summary judgment in favor of the utility companies was appealed by Derby. The appeal was dismissed on the ground that the judgment was not final. Derby Road Building Company v. Louisville Gas & Electric Co., Ky., 299 S.W.2d 122. Shortly after the above summary judgment was entered the court permitted the Commonwealth to file a third-party complaint against the utility companies in which it was charged that any damage suffered by the plaintiff had been caused by the companies' failure to remove their facilities from the right of way. The Commonwealth prayed judgment over against the utility companies for any sum which the plaintiff might recover. Derby's complaint against the Commonwealth was dismissed on the ground of governmental immunity. The third-party complaint of the Commonwealth was also dismissed as not stating a cause of action. Derby appealed, and we reversed the judgment dismissing its complaint. Derby Road Building Company v. Commonwealth, Ky., 317 S.W.2d 891.

Thereafter the Commonwealth moved for permission to file another third-party complaint against the utility companies, which was substantially the same as its previous one. The court overruled the motion but granted leave to tender the pleading and make it a part of the record. The order recited it was final. CR 54.02. Soon thereafter there was an agreed judgment awarding Derby $50,000 in damages on its claim against the Commonwealth. It was stated the judgment should not affect any rights of the Commonwealth with respect to "the pro-posed third-party defendants or any right of appeal from said order."

The Commonwealth has prosecuted this appeal from the judgment rejecting its third-party complaint.

The appellant maintains that it has never had a trial of the merits of its cross-action against the utility companies and that the court erroneously refused it the right to file the pleading.

■ The appellees insist on a dismissal of the appeal as having been taken from an order not final, although it is recited to be such. We have held that the court has discretion in allowing or rejecting interpleading authorized by CR 14. Gray v. Bailey, Ky., 299 S.W.2d 126. It is stated in Moore, Federal Practice, Vol. 1, p. 749, that denial of a defendant's motion to implead a third party is not an appealable order, as it does not finally dispose of any rights of the defendant. The present is not an order denying the right to bring in new parties, for the proffered pleading was of a contingent right to recover indemnity from co-defendants. The order recites that it is a final disposition. Under the Civil Code of Practice the legal sufficiency of an amended pleading timely offered could be tested by an objection to its filing, and sustaining the objection was equivalent to sustaining a demurrer to it. Shuey v. Hoffman, 224 Ky. 765, 7 S.W.2d 202; Dugan v. Long, 234 Ky. 511, 28 S.W.2d 765. The record contains an opinion of the trial court in which he considered the merits of the Commonwealth's first third-party complaint and expressed the conclusion that no right of indemnity was shown therein. Upon the record we conclude that the rejection of the second attempt to interplead was a final judgment that no cause of action was stated therein.

■ We think the Commonwealth was precluded from again pursuing its claim of indemnity against the utility companies. The dismissal of the first third-party complaint was an adjudication on the merits.

Clay, CR 41.02, 41.03. Derby's appeal from the judgment denying it the right to recover damages was against the Commonwealth and the utility companies. We held Derby had not shown any right of recovery against the companies and affirmed the judgment to that effect. We noted that the Commonwealth had not filed an appeal or cross-appeal from the order dismissing its cross-action, which had determined its claim of indemnity was without merit. It seems to us that the failure to protect itself by an appeal bars the Commonwealth from questioning the present judgment to the same effect. Green's Adm'r v. Chesapeake & O. Ry. Co., 197 Ky. 139, 246 S.W. 117; Franklin Fire Insurance Co. of Philadelphia v. Cook's Adm'r, 216 Ky. 15, 287 S.W. 553; McBurney's Heirs v. Hopper, 280 Ky. 295, 133 S. W.2d 100.

The judgment is affirmed.