Ollie GRAY and Courtney Gray, d/b/a Gray & Son Truck Lines, Appellants,

v.

C. M. BAILEY, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1957.

Albert Karnes, Herbert S. Melton, Jr., Paducah, for appellants.

Tom Garrett, Paducah, for appellee.

MOREMEN, Judge.

Appellee, C. M. Bailey, stored household furniture with appellants who do business as Gray & Son Truck Lines. The furniture was destroyed by fire. Appellee filed suit by which he sought to recover damages for loss of the furniture.

This suit was based on the theory: (1) that appellants had failed to safely protect the property in violation of a warehouseman's duty; and (2) that at the time the furniture was delivered, it had been agreed that the appellants had obtained fire insurance coverage on property in their possession.

The answer contained a general denial. It stated that the property had burned, and, in the third paragraph, stated that at the time of the fire, appellants were carrying

fire insurance with Merchants Fire Assurance Company. Appellants, under CR 14.01, asked that the Merchants Fire Assurance Company be made a third party defendant and prayed that if the plaintiff in the action be awarded any sum, that Gray & Son Truck Lines be awarded judgment for a like sum against Merchants Fire Assurance Company.

The policy referred to is in the record and purports to be on a form for truck cargo liability insurance. A cursory examination of the policy indicates that it covers property destroyed by fire while in course of transportation. There is no indication that the policy covers goods in warehouse storage. This observation is made only because it is necessary to complete a statement of facts and we are not deciding whether the terms of the policy apply.

■ Under CR 14.01, the court has discretion as to whether a third party may be brought into an action and one of the reasons for this discretion may be found in Clay CR 14.01, Note 3, where it is said: "Also the court may in its discretion refuse to allow the impleader of an insurance company if it would apparently result in prejudice before a jury. Certainly the court should scrutinize closely a proposed impleader of this sort."

CR 42.02 provides: "If the court determines that separate trials will be in furtherance of convenience or will avoid prejudice it shall order a separate trial of any claim * * *."

■ Thus it may be seen that although the rules encourage a complete settlement of all claims in connection with a controversy, it discourages such a practice in instances where prejudice may arise because of the nature of the claim or the character of the parties.

■ At a pre-trial conference, the court ordered a separate trial of the issues of coverage under the policy and limited appellants and appellee to trial on the issues of whether appellants had represented that they had insurance coverage and whether the warehousemen were liable for loss of property under their common law liability.

On this appeal, it is contended by counsel for appellants that although the impleader against the insurance company had been removed from the trial of the case, nevertheless, the court permitted the subject of insurance to be injected into the trial to such an extent that appellants were prejudiced thereby. We agree with appellants that the question of insurance was thoroughly brought to the attention of the jury. It is unnecessary to discuss each instance because the major one, in itself, we believe, is enough to require reversal.

Counsel for appellee was permitted to read to the jury paragraph three of appellants' answer and third party complaint in which it was charged: "These defendants say that they were at the time of said fire carrying fire insurance with Merchants Fire Assurance Company by which Merchants Fire Assurance Company promised and agreed to pay loss by fire such as the plaintiffs are now asserting." We have explained above that under the policy which we have examined, this may be a rather broad assertion. Its introduction into the evidence could serve no purpose in determining the issues which at the pre-trial conference the court had indicated were the ones to be tried and we believe that its admission along with other suggestions of insurance amounted to prejudicial error. We do not intend to hold in this opinion that under proper circumstances an insurance company may not be brought in by third party impleader. We are not deciding that question.

Judgment reversed.